Andrew P. Fishkin
Zachary W. Silverman
FISHKIN LUCKS LLP
277 Broadway, Ste. 408
New York, NY 10007
646.755.9200
afishkin@fishkinlucks.com
zsilverman@fishkinlucks.com
Attorneys for Defendant
American General Life Insurance Company

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SALAMAN OBERLANDER, and SALAMON OBERLANDER, as Trustee of THE ADER I TRUST dated December 11, 2014,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN GENERAL LIFE INSURANCE COMPANY, MARC FROHLICH, and FROHLICH FINANCIAL GROUP, LLC,<br><br>Defendants. | Civil Action No. 1:20-cv-00567-ILG-JO |

**DEFENDANT AMERICAN GENERAL LIFE INSURANCE
COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFFS' ORIGINAL VERIFIED COMPLAINT**

Defendant American General Life Insurance Company ("AGLIC") submits this memorandum of law in support of its motion to dismiss the Original Verified Complaint ("Complaint") of plaintiffs Salaman Oberlander and Salamon Oberlander, as Trustee of The Ader I Trust dated December 11, 2014 ("Plaintiffs").

Plaintiffs acknowledge that their Complaint is based entirely on "alleged acts or omissions

00072669.2

by" defendants March Frohlich and Frohlich Financial Group, LLC (collectively the "Frohlich Defendants") and that their only basis for asserting liability against AGLIC is as a purported principal of the Frohlich Defendants. Under these circumstances, any judgment in favor of the Frohlich Defendants inures to AGLIC. Thus, for the reasons stated in the Frohlich Defendants' motion to dismiss the Complaint as against them, which AGLIC incorporates by reference, this Court should likewise dismiss the Complaint as against AGLIC.

Additionally, Plaintiffs' claim pursuant to section 349 of New York's General Business Law is barred by the applicable three-year statute of limitations. That claim accrued as early as March, 2015, and not later than July or August, 2016. In March 2015, Plaintiffs first suffered alleged injury—by starting to make premium payments on a life insurance policy after the Frohlich Defendants had purportedly promised that they would not have to do so. In July, 2016, Plaintiffs, through their former counsel, asserted in a letter to AGLIC that it was the Frohlich Defendants' "false promises, lies and fraudulent activities" that forced Plaintiffs to pay premiums to keep the policy afloat. And, by August, 2016, the policy lapsed. Plaintiffs' initiation of this lawsuit more than three years after each of these dates, in September, 2019 comes too late.

## FACTS[1]

This lawsuit concerns a life insurance policy ("Policy") that Plaintiffs claim the Frohlich Defendants wrongfully induced them to purchase. See generally Compl. (ECF No. 1-3). The gravamen of Plaintiffs' claims is that the Frohlich Defendants promised that Plaintiffs could maintain the Policy without having to pay "a nickel out of their pocket," when in fact, Plaintiffs ended up having to take out loans to pay the Policy's premiums, until they were unable to keep up

---

[1] The facts contained in this section are taken from allegations contained in the Complaint which, for the purposes of this motion only, AGLIC accepts as true.

with those premiums, at which time the Policy lapsed for nonpayment.  See generally id.

Plaintiffs acknowledge that the "Causes of Action in [the Complaint] are based entirely on alleged acts or omissions by [the Frohlich Defendants]," and not AGLIC.  Compl. ¶ 8.  Plaintiffs' only alleged basis for liability against AGLIC is that the Frohlich Defendants were purportedly acting as AGLIC's "agents."  See id. ¶¶ 11-23.  Indeed, in their causes of action, Plaintiffs allege wrongdoing by the Frohlich Defendants only, and only mention AGLIC because it (allegedly) "bears co-liability for the actions of . . . the Frohlich Defendants . . . because the Frohlich Defendants were the agents and/or apparent agents of [AGLIC]."  Id. ¶¶ 78, 87, 98, 106, 114, 123. One of the claims Plaintiffs bring against the Frohlich Defendants—and for which they seek to hold AGLIC derivatively liable—is pursuant to N.Y. Gen. Bus. L. § 349.  Id. ¶¶ 115-26.

Accepting Plaintiffs' allegations as true, the Policy was issued "[o]n or about March 5, 2015;" the Policy "required quarterly premiums" beginning on that date; and, contrary to the Frohlich Defendants' purported promise, Plaintiffs were forced to "borrow hundreds of thousands of dollars to . . . pay[] premiums on the [P]olicy for a number of quarters" out of their own pocket. Compl. ¶¶ 63-67; see also Compl., Ex. B (Policy) at 4 (identifying March 5, 2015 as the "Date of Issue," "on which the first premium is due"; noting that "You have paid the first premium").

On July 13, 2016, Plaintiffs, through their former counsel, sought to rescind the Policy, alleging that they were forced to take out significant loans to pay premiums on the Policy due to the purported "false promises, lies and fraudulent activities of Mr. Frohlich."  Declaration of Zachary W. Silverman, dated March 25, 2020 ("Silverman Decl."), Ex. A.  By August 8, 2016, the Policy lapsed for non-payment.  Silverman Decl., Ex. B.

Plaintiffs did not bring this lawsuit until September 23, 2019.  ECF No. 1-1.

**ARGUMENT**

Plaintiffs' claims against AGLIC should be dismissed for the reasons stated in the Frohlich

Defendants' motion to dismiss, and Plaintiffs' section 349 claim should be dismissed for the

additional reason that it is time-barred.

**I.    AGLIC Adopts the Arguments the Frohlich Defendants Make in Their Motion to Dismiss, Which Are Also Dispositive of Plaintiffs' Claims Against AGLIC.**

AGLIC relies on and incorporates by reference the arguments set forth in the Frohlich

Defendants' motion to dismiss.  ECF No. 22.

Because AGLIC's only alleged liability is derivative (i.e., as a purported principal of the

Frohlich Defendants), a dismissal of Plaintiffs' claims as against the Frohlich Defendants is

dispositive of those claims as against AGLIC.  Good Health Dairy Prods. Corp. of Rochester, N.Y.

v. Emery, 9 N.E.2d 758 (1934) ("where the liability of a principal or master is derivative, a

judgment on the merits in favor of the servant or agent from whom the liability is derived may be

set up as a defense by the principal or master"); see Marinelli Assocs. v. Helmsley-Noyes Co., 265

A.D.2d 1, 7 (1st Dep't 2000) ("It is well settled that a defendant . . . may . . . assert res judicata

where [its] liability . . . is altogether dependent upon the culpability of one exonerated") (internal

quotations omitted); New Paltz Cent. Sch. Dist. v. Reliance Ins. Co., 97 A.D.2d 566, 567 (3d Dep't

1983) ("A person . . . only derivatively or vicariously liable for the conduct of another, may invoke

the res judicata effect of a . . . judgment on the merits . . . in favor of the one primarily liable.").

**II.    Plaintiffs' Claim Pursuant to N.Y. Gen. Bus. L. § 349 is Also Barred by the Three-Year Statute of Limitations.**

A claim under section 349 of New York's General Business Law carries a three-year statute

of limitations.  CPLR 214(2) (covering "action[s] to recover upon a liability . . . imposed by

statute"); see, e.g., Corsello v. Verizon N.Y., Inc., 18 N.Y.3d 777, 789 (2012).  Such a claim

accrues when the "plaintiff has been injured by a deceptive act or practice violating section 349."

Gaidon v. Guardian Life Ins. Co. of Am., 96 N.Y.2d 201 (2001).  Here, there is no dispute that

Plaintiffs paid premiums on the Policy beginning in 2015; that no later than July 13, 2016,

Plaintiffs alleged that their being forced to pay those premiums was a damage resulting from the

Frohlich Defendants' purported deceptive acts and practices; and that no later than August 8, 2016,

the Policy lapsed for non-payment.  Thus, Plaintiffs' section 349 claim, seeking damages arising

from Plaintiffs' payment of premiums on the Policy and the Policy's lapse, brought more than

three-years later, is barred by the applicable three-year statute of limitations.

## CONCLUSION

For the reasons stated above and in the Frohlich Defendants' motion to dismiss, defendant

American General Life Insurance Company respectfully requests that this Court dismiss the

Complaint as to it, with prejudice.


Dated: New York, NY
        March 25, 2020


                                        s/ *Andrew P. Fishkin*
                                        Andrew P. Fishkin
                                        Zachary W. Silverman
                                        FISHKIN LUCKS LLP
                                        277 Broadway, Ste. 408
                                        New York, NY 10007
                                        646.755.9200
                                        afishkin@fishkinlucks.com
                                        zsilverman@fishkinlucks.com
                                        Attorneys for Defendant
                                        American General Life Insurance Company