**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------- x

SALAMAN OBERLANDER, *et al.*,

       Plaintiffs,

   ~ *against* ~

AMERICAN GENERAL LIFE
INSURANCE COMPANY, *et al.*,

       Defendants.

-------------------------------------------------------- x

**Index No.: <u>1:20–cv–00567–ILG–JO</u>**


**MEMORANDUM OF LAW IN REPLY
TO FROHLICH DEFENDANTS'
MOTION TO DISMISS COMPLAINT**


Filed By:  Baruch S. Gottesman, Esq.
             185 Union Turnpike
             Fresh Meadows, NY 11366
             Phone: (212) 401-6910
             e-mail: <bg@gottesmanlegal.com>

# i. <u>**Table of Contents**</u>

**ii. Table of Authorities** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**A. Introductory Statement** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

**B. Factual Background** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

**C. Argument**: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

    **1. Role of the Supplementary Affidavit in Support by
    Plaintiff Oberlander** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

        I.    The Court May Consider the Supplemental
        Affidavit without Converting the Motion
        into a Motion for Summary Judgment . . . . . . . . . . . . . . 14

        II.    In the alternative, the Court should
        grant leave to serve an Amended Complaint
        because it would not be futile . . . . . . . . . . . . . . . . . . . . 17

    **2. The Plaintiffs Stated a Cause of Action
    for Fraud and Misrepresentation** . . . . . . . . . . . . . . . . . . . . . . . . . 20

        I.    The Original Verified Complaint fully details
        the allegedly fraudulent statements . . . . . . . . . . . . . . . 20

        II.    Plaintiffs could and did rely on the
        actionable fraudulent statements . . . . . . . . . . . . . . . . . 25

        III.   The Oberlander Affidavit
        fills in any purported gaps . . . . . . . . . . . . . . . . . . . . . . . 27

    **3. The Plaintiffs Stated a Cause of Action
    for Breach of Contract** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

        I.    The Plaintiffs have established they are
        entitled to offer evidence to support
        their Cause of Action for Breach of Contract . . . . . . . . 28

        II.    The claim for Breach of Covenant of Good Faith
        and Fair Dealing is not Duplicative . . . . . . . . . . . . . . . . 32

**4.** **The Plaintiffs Stated
the Other Causes of Action** . . . . . . . . . . . . . . . . .. . . . . . . . . . . . . . . . 35

    I.    The Plaintiffs Stated a Cause of Action
for Breach of Fiduciary Duty . . . . . . . . . . . . . . . . . . . . . 35

    II.    The Plaintiffs Stated a Cause of Action
for Negligence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37

    III.    The Plaintiffs Stated a Cause of Action
Under GBL § 349 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 39

    IV.    The Plaintiffs Stated a Cause of Action
for Unjust Enrichment . . . . . . . . . . . . . . . . . . . . . . . . . . 39

    V.    The Plaintiffs Stated a Cause of Action
for Declaratory Judgment. . . . . . . . . . . . . . . . . . . . . . . 40

**5.** **The Plaintiffs Suffered Actionable Damage** . . . . . . . . . . . . . . . . . . 40

**D.** **Conclusion** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 42

## A. Table of Authorities

**Cases:**

Abdale v. North Shore-Long Island Jewish Health System, Inc.,
19 N.Y.S.3d 850 (S.Ct. Queens Co. Aug. 15, 2015) . . . . . . . . . . . . . . . . . . . 18, 19

Abrams Realty Corp. v. Elo,
717 N.Y.S.2d 603 (1st Dep't 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

Abrams Realty Corp. v. Elo,
96 N.Y.2d 715 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

AG Capital Funding Partners, L.P. v State St. Bank & Trust Co.,
11 N.Y.3d 146, 158 (2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

Alexsam, Inc. v. Mastercard Int'l Inc.,
No. 15-CV-2799, 2017 U.S. Dist. LEXIS 131631
(E.D.N.Y. Aug. 17, 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

B.V. Optische Industrie De Oude Delft v. Hologic, Inc.,
909 F. Supp. 162 (S.D.N.Y. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Basu v. Alphabet Mgt. LLC,
8 N.Y.S.3d 273 (1st Dep't 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

Bellevue S. Associates v. HRH Construction Corp.,
78 N.Y.2d 282 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

Beltway 7 & Props., Ltd. v. Blackrock Realty Advisers, Inc.,
90 N.Y.S.3d 3 (1st Dep't 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

Bernheim v. Litt,
79 F.3d 318 (2d Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 16

Bolt Elec., Inc. v. City of N.Y.,
53 F.3d 465 (2d Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 16

Brahver v. Fishman,
2008 NY Slip Op 31784(U), 2008 N.Y.Misc. LEXIS 10648
(S.Ct. Nassau Co. June 20, 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21, 22

Carvel Corp. v. Diversified Mgmt. Group, Inc.,
930 F.2d 228 (2d Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

CDJ Builders Corp. v. Hudson Grp. Const. Corp.,
    889 N.Y.S.2d 64 (2d Dep't 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

Chambers v. Time Warner Inc.,
    282 F.3d 147 (2d Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11, 15

Cilente v. Phoenix Life Ins. Co.,
    2014 NY Slip Op 30037(U), 2014 N.Y.Misc. LEXIS 70
    (S.Ct. New York Co. Jan. 7, 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20, 21

Cilente v. Phoenix Life Insurance Co.,
    21 N.Y.S.3d 236 (1st Dep't 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20, 21

Clark-Fitzpatrick, Inc. v. Long Island R.R. Co.,
    70 N.Y.2d 382, 389 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

Cobble Hill Nursing Home v Henry & Warren Corp.,
    74 N.Y.2d 475(1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

Cobble Hill Nursing Home v Henry & Warren Corp.,
    498 U.S. 816 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

Cortec Indus., Inc. v. Sum Holding L.P.,
    949 F.2d 42 (2d Cir.1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11, 12

Diduck v. Kaszycki & Sons Contractors, Inc.,
    974 F.2d 270 (2d Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Dillon v. U-A Columbia Cablevision of Westchester, Inc.,
    100 N.Y.2d 525, 526 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

Dorking Genetics v. U.S.,
    76 F.3d 1261 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

DRMAK Realty LLC v Progressive Credit Union,
    18 NYS3d 618 (1st Dept 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

Eastman Kodak Co. v. Roopak Enterprises, Ltd.,
    608 N.Y.S.2d 445 (1st Dep't 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Edelweiss Fund, LLC v. J.P. Morgan Chase & Co.,
    2020 NY Slip Op 50380(U), 2020 N.Y.Misc LEXIS 1362
    (S.Ct. New York Co. March 27, 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Elliot-Leach v. N.Y.C. Dep't of Educ.,
201 F. Supp. 3d 238 (E.D.N.Y. 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.,
375 F.3d 168 (2d Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

Eurycleia Partners, LP v Seward & Kissel, LLP,
12 N.Y.3d 553 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .16, 31

Evans v. Famous Music Corp.,
1 N.Y.3d 452 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .27

Express Indus. & Terminal Corp. v. N.Y. State DOT,
93 N.Y.2d 584 (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Franco v. Diaz,
51 F. Supp. 3d 235 (E.D.N.Y. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Franklin v. Carpinello Oil Co.,
444 N.Y.S.2d 248 (1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

Gimbel Bros., Inc. v Brook Shopping Centers, Inc.,
499 N.Y.S.2d 435 (2d Dep't 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

Giordani v. Legal Aid Soc'y,
No. 17-CV-5569, 2018 U.S. Dist. LEXIS 201378
 (E.D.N.Y. Nov. 27, 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Gotlin v. Lederman,
No. 05-CV-1899 (ILG), 2006 U.S. Dist. LEXIS 25804
(E.D.N.Y. Apr. 28, 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .15, 16, 20, 23, 24

Harris v. Provident Life & Accident Ins. Co.,
310 F.3d 73 (2d Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

Helprin v. Harcourt, Inc.,
277 F. Supp. 2d 327 (S.D.N.Y. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Hernandez v. Coughlin,
18 F.3d 133 (2d Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Hildene Capital Mgmt., LLC v. Friedman, Billings, Ramsey Grp., Inc.,
    No. 11-cv-5832 (AJN), 2012 U.S. Dist. LEXIS 115942
    (S.D.N.Y. Aug. 15, 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.,
    62 F.3d 69 (2d Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Jacob v. Kimberly-Clark Corp.,
    No. 05-CV-1739, 2006 U.S. Dist. LEXIS 36345
    (E.D.N.Y. June 5, 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Joseph Martin, Jr., Delicatessen, Inc. v. Schumacher,
    52 N.Y.2d 105 (1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Karimian v. Time Equities, Inc.,
    83 N.Y.S.3d 227 (2d Dep't 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

Kirke La Shelle Co. v. Armstrong Co.,
    74 N.Y.2d 562 (1933) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

Kowalchuk v. Stroup,
    873 N.Y.S.2d 43 (1st Dep't 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Kramer v. Greene,
    36 N.Y.S.3d 448 (1st Dep't 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24, 25

Kurtzman v. Bergstol,
    835 N.Y.S.2d 644 (2d Dep't 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

Massey v. On-Site Manager, Inc.,
    2011 U.S. Dist. LEXIS 104823
    (E.D.N.Y. Sep. 15, 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

Missere v. St. John's Univ.,
    No. CV 15-771, 2018 U.S. Dist. LEXIS 10001
    (E.D.N.Y. Jan. 19, 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

Morris v. N.Y.S. Dep't of Taxation & Fin.,
    82 N.Y.2d 135 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

Mumin v. Uber Techs., Inc.,
    239 F. Supp. 3d 507 (E.D.N.Y. 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

Newson v. City of N.Y.,
 No. 16-CV-6773, 2019 U.S. Dist. LEXIS 143835
 (E.D.N.Y. Aug. 22, 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Nicosia v. Amazon.com, Inc.,
 834 F.3d 220 (2d Cir. 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

North Shore Bottling Co v. Schmidt & Sons,
 22 N.Y.2d 171 (1968) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

Orange County Choppers v. Olaes Enterprises,
 497 F.Supp.2d 541 (S.D.N.Y. 2007) . . . . . . . . . . . . . . . . . . . . . 27, 28, 29

Orchid Construction Corp v. Gonzalez,
 932 N.Y.S.2d 125 (2d Dep't 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Orchid Construction Corp. v. Gottbetter,
 911 N.Y.S.2d 694 (S.Ct. Queens Co. July 6, 2010) . . . . . . . . . . . . . . . . . . 18

Ozelkan v Tyree Bros. Envtl. Servs. Inc.,
 815 N.Y.S.2d 265 (2d Dep't 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

Pace v. Raisman & Assocs., Esqs., LLP,
 945 N.Y.S.2d 118 (2d Dep't 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16, 17

Pludeman v. Northern Leasing Systems,
 10 N.Y.3d 486 (2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Reliance Ins. Co. v. Polyvision Corp.,
 474 F.3d 54 (2d Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Reznick v. Bluegreen Resorts Mgmt., Inc.,
 62 N.Y.S.3d 460 (2d Dep't 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25, 26

Reznick v. Bluegreen Resorts Mgmt.,
 2019 U.S. Dist. LEXIS 33095
 (E.D.N.Y. Feb. 27, 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

Rich v. New York Central & Hudson River R.R. Co.,
 87 N.Y. 382 (1882) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

Roni LLC v. Arfa,
 903 N.Y.S.2d 352 (1st Dep't 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

Roni LLC v. Arfa,
18 N.Y.3d 846 (2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

Schaffe v SimmsParris,
918 N.Y.S.2d 531 (2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

Schonfeld v. Thompson,
663 N.Y.S.2d 166 (1st Dep't 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

Sommer v. Federal Signal Corp.,
79 N.Y.2d 540 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

Stuart Silver Assoc. v. Baco Dev. Corp.,
665 N.Y.S.2d 415 (1st Dep't 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30 – 31

Sud v. Sud,
621 N.Y.S.2d 37 (1st Dep't 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

Theatre Circuit, Inc. v. Sun Plaza Enter. Corp.,
352 F. Supp. 2d 342 (E.D.N.Y. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Total Asset Recovery Servs., LLC v. MetLife, Inc.,
2019 NY Slip Op 30841(U), 2019 N.Y.Misc LEXIS 1563
(S.Ct. New York Co. March 29, 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Transcience Corp. v. Big Time Toys, LLC,
50 F.Supp.3d 441 (S.D.N.Y. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

United States v. Int'l Longshoremen's Ass'n,
518 F. Supp. 2d 422 (E.D.N.Y. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

U.S. Bank Nat'l Assoc. v. BFPRU I, LLC,
230 F. Supp. 3d 253 (S.D.N.Y. 2017) . . . . . . . . . . . . . . . . . . . . . 29, 31, 34, 35

Vacold LLC v. Cerami,
No. 00-Civ-4024, 2002 U.S. Dist. LEXIS 1895, 2002 WL 193157
(S.D.N.Y. Feb. 6, 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Voss v. Bank of America, NA,
No. 5:15-cv-0232, 2016 U.S. Dist. LEXIS 88424
(N.D.N.Y. 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28, 29

Walker v. New York,
974 F.2d 293 (2d Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

<u>Wiercinski v. Mangia 57, Inc.</u>,
No. 09-CV-4413, 2010 U.S. Dist. LEXIS 66498
(E.D.N.Y. July 2, 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

<u>Wiseman v. Groep, N.V.</u>,
No. 16-cv-07587 (AJN), 2017 U.S. Dist. LEXIS 161465
(S.D.N.Y. Sept. 28, 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28, 29

**<u>Procedural Rules:</u>**

New York Civil Practice Laws and Rules § 3014 . . . . . . . . . . . . . . . . . . . . . . . . . 29, 34

Federal Rules of Civil Procedure, Rule 1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Federal Rules of Civil Procedure, Rule 8(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

Federal Rules of Civil Procedure, Rule 12 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

Federal Rules of Civil Procedure, Rule 12 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

New York Civil Practice Laws and Rules § 3016(b) . . . . . . . . . . . . . . . . . . . . . . . . 16

**<u>Other Authorities:</u>**

22 N.Y. Jur.2d Contracts § 9 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

## B.    Introductory Statement

Plaintiffs, SALAMAN OBERLANDER and SALAMON OBERLANDER, as Trustee of the ADER I TRUST dated December 11, 2014 (hereinafter the "**Plaintiffs**" or "**Oberlander**") respectfully submit this Memorandum of Law in opposition to the Motion to Dismiss filed by Marc Frohlich and Frohlich Financial Group, LLC (the "**Frohlich Defendants**").  Plaintiffs will separately address the issues raised by American General Life Insurance Company (hereinafter "**AGLI**") in their Motion to Dismiss.

In their Memorandum in Support of their Motion to Dismiss ("Memo"), the Counsel for the Frohlich Defendants introduce documents into evidence, which they interpret to include admissions by the Plaintiffs.  On the basis of the Frohlich Defendants' interpretation of the extrinsic evidence and of the allegations in the Original Complaint, the Frohlich Defendants review the eight denominated causes of action in the Original Verified Complaint and argue that none should survive the Motion to Dismiss.

Plaintiffs see it differently.  As described below, the Original Complaint plausibly alleges the factual basis for each cause of action.  To the extent that any additional information about the circumstances of the allegedly fraudulent statements are necessary, they are in the Oberlander Affidavit– which can be considered without converting this into a Motion for Summary Judgment.  Additionally and/or in the alternative, this Court should provide leave to serve an Amended Complaint.

In summary: For the reasons described below, this Honorable Court should deny the Frohlich Defendants' Motion to Dismiss and, in the alternative, grant the Plaintiffs leave to serve an Amended Complaint to further substantiate the Plaintiffs' causes of action.

### C.    Factual Background

The Original Verified Complaint ("OVC") alleges that in the Summer of 2014 soon after Plaintiff Oberlander came into an inheritance (*See* OVC at ¶¶ 48 – 49) the Plaintiff was preyed on by Defendant Marc Frohlich personally and acting through Frohlich Financial Group, LLC (*See* OVC at ¶¶ 9 – 10, 49 *et passim*).   The Original Verified Complaint alleges that the Frohlich Defendants contracted with and undertook professional obligations to the Plaintiffs (*See* OVC at ¶¶ 54 – 55, *et passim* and *Causes of Action*).  The Original Verified Complaint alleges that these professional and contractual obligations included a suite of financial and legal advisory services to Plaintiffs that encompassed the structuring and drafting of Trusts, the commitment to obtain premium financing, and the sale of life insurance (*See* OVC at ¶¶ 49 – 61, *et passim*).

The Original Verified Complaint alleges that the Frohlich Defendants induced the Plaintiffs to engage in a series of business and financial transactions, which directly caused damage to the Plaintiffs.  *See* OVC at ¶¶ 63 – 68 and *Causes of Action*.

The Original Verified Complaint alleges that Frohlich Financial Group, LLC was under the complete dominion and control of Mr. Frohlich, and that the LLC was used by Mr. Frohlich to commit the various Causes of Action that injured Plaintiffs in this case (*See* OVC at ¶ 9 and *Causes of Action*; Flushing Plaza Assocs. #2 v. Albert, 958 N.Y.S.2d 713, 715 (2d Dep't 2013)("Generally, [under New York law] piercing the corporate veil requires a showing that the individual defendants exercised complete dominion and control over the corporation and used such dominion and control to commit a fraud or wrong against the plaintiff which resulted in injury.") *citing* Morris v. N.Y.S.

Dep't of Taxation & Fin., 82 N.Y.2d 135, 141 (1993) *and* Seuter v. Lieberman, 644 N.Y.S.2d 566 (2d Dep't 1996).

*See also* OVC at ¶ 10 and *Causes of Action* (alleging elements to pierce corporate veil under Florida law) *and* Handal & Morofsky, LLC v. Viatek Consumer Prods. Grp., Inc., No. 18-cv-1887(ER), 2018 U.S. Dist. LEXIS 191778 (S.D.N.Y. Nov. 8, 2018)(Ramos, Judge Edgardo):

> "Both New York and Florida require the control or domination by a parent or shareholder, and use of the control to commit fraud upon another. In Network Enters., Inc. v. APBA Offshore Prods., Inc., the court found that 'the laws of New York and Florida governing the analysis [of alter ego liability] are substantially the same' and determined that since the consideration would be the same under either New York or Florida law, there was no true conflict and applied New York law."

Handal & Morofsky, LLC, *Id.* at *12 (square brackets in original) *citing* Network Enters. v. APBA Offshore Prods., Inc., No. 01-cv-11765(CSH), 2002 WL 31050846 at * 3 (S.D.N.Y. Sept. 12, 2002)(Haight, Judge Charles S.) *aff'd*, 264 F. App'x 36, (2d Cir. 2008).

The Frohlich Defendants moved to Dismiss pursuant to Federal Rule of Civil Procedure, Rule 12(b)(6) for the Plaintiffs supposed failure to state any cause of action against the Frohlich Defendants.

*[Remainder of Page Intentionally Left Blank]*

<strong><u>C.    Argument</u></strong>

**1.    The Court Can Consider the Supplemental Affidavit
Without Converting this into a Motion for Summary Judgment**

The Original Verified Complaint stands on its own.  That said, in opposition to the Frohlich Defendants' Motion to Dismiss, Plaintiff Oberlander submits an Affidavit that provides more details about the allegedly fraudulent statements referred to in the Original Verified Complaint.  In this Section of the Argument the Plaintiffs will argue that because the Oberlander Affidavit explains a statement incorporated by reference in the Original Verified Complaint, this Court *may* consider the Affidavit without converting this Motion into a Motion for Summary Judgment.

In the Part 2 of this Section of the Argument, the Plaintiffs will argue in the alternative that if the Court is inclined to dismiss the Original Verified Complaint, the Supplementary Affidavit substantiates that an Amended Complaint would not be futile and therefore the Plaintiffs should be granted leave to amend.

**a.    The Affidavit Explains a Statement Incorporated
by Reference in the Original Verified Complaint**

Courts in this Circuit recognize that:

> "In reviewing a complaint for dismissal under Rule 12(b)(6), the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor.  The complaint may be dismissed only where ' 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' '

<u>Hernandez v. Coughlin</u>, 18 F.3d 133, 136 (2d Cir. 1994)(citations omitted).

*See also* <u>Wiercinski v. Mangia 57, Inc</u>., No. 09-CV-4413 (ILG), 2010 U.S. Dist. LEXIS 66498, at *4 (E.D.N.Y. July 2, 2010)(Glasser, Judge I. Leo).

That said, when material outside the complaint is presented to and not excluded by the court, "the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion . . . ." Fed. R. Civ. P. 12(b)." Chambers v. Time Warner Inc., 282 F.3d 147, 152 (2d Cir. 2002).

For purposes of this Motion to Dismiss, the Frohlich Defendants have introduced documentary material into evidence (Rieker Affidavit in Support at Exhibit 3) and the Plaintiffs have submitted a supplemental Affidavit in Support to elucidate certain "statements" referred to in the Original Verified Complaint. The Plaintiffs' Affidavit *may* be considered without converting this into a Motion for Summary Judgment.

And here's why:

The Second Circuit held that for purposes of the "no outside material" rule that "the complaint is deemed to include any written instrument attached to [the complaint] as an exhibit or any statements or documents incorporated in it by reference." Chambers, *Id.* at 152 (*citing* Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995) (per curiam) *and quoting* Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir. 1991)). *See also* Nicosia v. Amazon.com, Inc., 834 F.3d 220 (2d Cir. 2016).

To be incorporated by reference, the complaint must make "a clear, definite and substantial reference to the documents.'" Missere v. St. John's Univ., No. CV 15-771 (JMA)(AYS), 2018 U.S. Dist. LEXIS 10001, at *4 (E.D.N.Y. Jan. 19, 2018)(Shields, Judge Anne Y.) *citing* Helprin v. Harcourt, Inc., 277 F. Supp. 2d 327, 330-31 (S.D.N.Y. 2003); and B.V. Optische Industrie De Oude Delft v. Hologic, Inc., 909 F. Supp. 162, 167 (S.D.N.Y. 1995). And "[t]o be integral to a complaint, the plaintiff must have (1) "actual

notice" of the extraneous information and (2) "'relied upon th[e] documents in framing the complaint.'" Missere, *Id.* at * 4 *citing* Chambers, Id. at 153 and Cortec, *Id.* at 48.

At the heart of the Original Verified Complaint are a number of allegations concerning fraudulent statements made by the Frohlich Defendants and their agents (OVC at ¶¶ 70, 74 *et passim*). These allegations made clear, definite and substantial reference to the operative statements. The Plaintiff had actual notice of this information and clearly framed their Complaint around them. In their Motion to Dismiss, the Frohlich Defendants argued that the Original Verified Complaint failed to state the elements and circumstances of these statements with sufficient specificity (Memorandum of Law in Support at Point I) – an acknowledgement that these statements are at the heart of this case.

Per Chambers, just as a document referred to specifically and relied on by the Plaintiff in their Complaint may be considered in a Motion to Dismiss – without converting it into a Motion for Summary Judgment; so too a statement which is referred to specifically and relied on by these Plaintiffs in their Original Verified Complaint may be considered on a Motion to Dismiss – without converting it into a Motion for Summary Judgment.

### b.   Courts Admit Affidavits in Opposition to Motions to Dismiss where Parties – especially Plaintiffs – are on Notice of the Factual Allegations at issue

By way of example, in Massey v. On-Site Manager, Inc., 2011 U.S. Dist. LEXIS 104823 (E.D.N.Y. Sep. 15, 2011)(Cogan, Judge Brian M.) the Court considered an Affidavit submitted by the Plaintiff in opposition to a Motion to Dismiss as part of the record. The Court wrote that the Affidavit was admissible:

> "because it [wa]s 'integral' to [Plaintiff's] claims and because the ordinary rule against consideration of

extraneous materials operates for the protection of plaintiff and is therefore less pertinent when the material has been submitted by plaintiff. See [Cortec, *Id.*] at 48 ('[T]he problem that arises when a court reviews statements extraneous to a complaint generally is the lack of notice to the plaintiff that they may be so considered."). As it is plaintiff herself who asks this Court to consider her extraneous affidavit, "the necessity of translating a Rule 12(b)(6) motion into one under Rule 56 is largely dissipated." [Cortec], *Id.*; *accord* Reliance Ins. Co. v. Polyvision Corp., 474 F.3d 54, 57 (2d Cir. 2007) (Finding that district court's consideration of materials extraneous to the complaint was not error 'because it is clear from the record [that the plaintiff] knew additional factual considerations were being considered and, in fact, responded with its own evidentiary submissions.')."

Massey, *Id.* at , at *6 – 7.

## II. In the alternative, the Court should grant leave to serve an Amended Complaint because it would not be futile

While the Plaintiffs' position remains that the Original Verified Complaint alone – and all the more so when considered in consonance with the Oberlander Affidavit – plausibly allege the elements of each cause of action; should the Court be inclined to grant the Frohlich Defendants' Motion to Dismiss based on the record before it, Plaintiffs respectfully submit that they should be granted leave to serve an Amended Complaint because doing so would not be futile.

This Court held that:

"Leave to amend a complaint 'shall be freely given when justice so requires,' Fed. R. Civ. P. 15(a), and ' 'it is the usual practice upon granting a motion to dismiss to allow leave to replead.' ' Vacold LLC v. Cerami, No. 00-Civ-4024 (AGS), 2002 U.S. Dist. LEXIS 1895, 2002 WL 193157, at * 6 (S.D.N.Y. Feb. 6, 2002)(*quoting* Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir.1991))."

Elliot-Leach v. N.Y.C. Dep't of Educ., 201 F. Supp. 3d 238, 243 (E.D.N.Y. 2016)(Glasser, Judge I. Leo).

In Elliot-Leach this Court ultimately held that as a matter of law, any amendment would have been futile and did not grant leave to re-plead. By contrast, the core argument of Frohlich Defendants' Motion to Dismiss is a claim of insufficient detail in Plaintiffs' Causes of Action, and a partisan interpretation of an extrinsic document. An amendment in this case would fill in those gaps as described in the supplemental affidavit and substantiate every element of each cause of action – and would therefore not be futile.

That's why this Court has emphasized that "[d]ismissal under Rule 12(b)(6) is only appropriate if 'it appears beyond doubt that the Plaintiff can prove no set of facts in support of her claim which entitle her to relief.' " Jacob v. Kimberly-Clark Corp., No. 05-CV-1739 (ILG), 2006 U.S. Dist. LEXIS 36345, at *13 (E.D.N.Y. June 5, 2006)(Glasser, Judge I. Leo) citing Walker v. New York, 974 F.2d 293, 298 (2d Cir. 1992). In Jacob, the Court found that a cause of action for Conversion should be dismissed because the alleged damages were not specifically identifiable and because the claim of Conversion was duplicative the claim for breach of contract. Jacob Id. at * 18. These reasons parallel the arguments in the Frohlich Defendants' Motion to Dismiss vis-à-vis the Plaintiffs in this case: the Frohlich Defendants argue that Plaintiffs failed to specifically allege damages (Frohlich Motion to Dismiss at Point VIII) and that Plaintiffs causes of action are redundant (Frohlich Motion to Dismiss at Points II(E) and III(C)). Just as in Jacob where the Court granted leave to amend the Conversion Claim, Jacob Id. at * 32, were the Court so inclined to dismiss any cause of action in the Original Verified Complaint it should grant Plaintiffs leave to serve an amended claim.

*See also* <u>Newson v. City of N.Y.</u>, No. 16-CV-6773 (ILG) (JO), 2019 U.S. Dist. LEXIS 143835, at *27-28 (E.D.N.Y. Aug. 22, 2019)(Glasser, Judge I. Leo)(granting Plaintiff leave to amend to "furnish additional facts from which [an element of the cause of action] can be inferred" <u>Newson</u>, *Id.* at * 28, and to name additional parties); <u>Giordani v. Legal Aid Soc'y</u>, No. 17-CV-5569, 2018 U.S. Dist. LEXIS 201378, at *5 (E.D.N.Y. Nov. 27, 2018)(Glasser, Judge I. Leo)(granting leave to amend Complaint to change § 1983 claim into ADEA claim; and to supplement the factual claims "to the extent that the court feels the allegations need to be more detailed" <u>Giordani</u>, *Id.* at * 5); <u>Franco v. Diaz</u>, 51 F. Supp. 3d 235 (E.D.N.Y. 2014)(Glasser, Judge I. Leo)(Granting leave to file Amended counterclaim with additional cause of action). <u>United States v. Int'l Longshoremen's Ass'n</u>, 518 F. Supp. 2d 422, 483 (E.D.N.Y. 2007)(Glasser, Judge I. Leo)(Excluding supplementary material submitted in opposition to Motion to Dismiss, but granting leave to file Second Amended Complaint).

*But see* <u>Alexsam, Inc. v. Mastercard Int'l Inc.</u>, No. 15-CV-2799, 2017 U.S. Dist. LEXIS 131631 (E.D.N.Y. Aug. 17, 2017)(Glasser, Judge I. Leo)(adopting Report and Recommendation dismissing Complaint and denying leave to amend, where Complaint's allegations of fraud were premised solely on the counterparty's intent to breach contract and therefore amendment would be futile as a matter of law).

Therefore, while for the reasons described below, the Plaintiffs submit that the Original Verified Complaint on its face alleges every element of the various causes of action; should it be necessary, this Honorable Court may consider the Affidavit in Support and/or in the alternative grant leave for Plaintiffs to file an Amended Complaint.

**2.  The Plaintiffs Stated a Cause of Action
for Fraud and Misrepresentation**

The Frohlich Defendants argue that the cause of action for Fraud and Misrepresentation should be dismissed because the Original Verified Complaint failed to "allege any details of the alleged fraud" (Memorandum of Law in Support of Motion to Dismiss at Argument Point 1(A)); the fraudulent statements were non-actionable statements of opinion (Argument Point 1 (B)); and because the Plaintiffs could not have reasonably relied on the statements (Argument 1(C)).

The Motion should be denied because the Original Verified Complaint fully details the allegedly fraudulent statements, the fraudulent statements were actionable, and because the Plaintiffs could and did rely on the misrepresentations.  Additionally, the Oberlander Affidavit is admissible for consideration without converting this into a Motion for Summary Judgment because it elucidates a statement incorporated by reference in the Original Verified Complaint.  *See* <u>Chambers</u>, *Id.* at 152, *and see* Argument C (I.)(i.) *above* at pp. 14 – 17; and in the alternative the Plaintiffs should be granted leave to file an Amended Complaint to fill in any alleged gaps in the description of the fraudulent statements referred to in the Original Verified Complaint.

**i.  The Original Verified Complaint fully details
the allegedly fraudulent statements**

In approaching the sufficiency of the allegations in a Motion to Dismiss, the "[c]ourt accepts as true the factual allegations in the complaint, viewing it in light most favorable to the non-moving party . . . In essence, the question is not whether plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support the claims."  <u>Gotlin v. Lederman</u>, No. 05-CV-1899 (ILG), 2006 U.S. Dist. LEXIS 25804, at

*12-13 (E.D.N.Y. Apr. 28, 2006)(Glasser, Judge I. Leo) *citing* Bolt Elec., Inc. v. City of N.Y., 53 F.3d 465 (2d Cir. 1992) *and* Bernheim v. Litt, 79 F.3d 318 (2d Cir. 1996).

Under New York law, a Plaintiff must allege: "(1) the defendant made a false representation of fact, (2) the defendant had knowledge of the falsity, (3) the misrepresentation was made in order to induce the plaintiff's reliance, (4) there was justifiable reliance on the part of the plaintiff, and (5) the plaintiff was injured by the reliance." Pace v. Raisman & Assocs., Esqs., LLP, 945 N.Y.S.2d 118, 121-22 (2d Dep't 2012)(collecting cases for the 5 elements of fraud claims in New York); *See also* UA Theatre Circuit, Inc. v. Sun Plaza Enter. Corp., 352 F. Supp. 2d 342, 351 (E.D.N.Y. 2005)(Glasser, Judge I. Leo) *citing* Diduck v. Kaszycki & Sons Contractors, Inc., 974 F.2d 270, 276 (2d Cir. 1992).

The Second Appellate Division held that "the purpose underlying [CPLR 3016 (b)] is to inform a defendant of the complained-of incidents. While there is no requirement that there be 'unassailable proof at the pleading stage,' the basic facts constituting the fraud must be set forth. 'CPLR § 3016 (b) is satisfied when the facts suffice to permit a reasonable inference of the alleged misconduct.' " Pace, *Id.* at 122 *citing* Eurycleia Partners, LP v. Seward & Kissel, LLP, 12 N.Y.3d 553 (2009).

Viewing the Original Verified Complaint at issue in a light most favorable to the Plaintiffs, there can be no doubt that the Original Verified Complaint alleged the elements of Fraud and Misrepresentation with specificity; and certainly with sufficient basis "to permit a reasonable inference of the alleged misconduct" *cf.* Pace, *Id.* at 122.

The Original Verified Complaint alleges each element of fraud and misrepresentation. Here's how:

(1.) <u>Frohlich Defendants Falsely Represented Facts</u>
The Original Verified Complaint alleged that the Frohlich Defendants made a false representation of fact, not opinion. The Original Verified Complaint alleged that these false representations occurred at a specific time (July or August 2014 – *See* OVC at ¶ 48); a specific person (Frohlich and his agents – *See* OVC at ¶ 48); in a particular place (personal meetings in Kings County – *See* OVC at ¶¶ 58 – 59 and 71; telephone calls when Plaintiffs were in Kings County – *See* OVC at ¶¶ 59 and 71); in a particular manner (in-person meetings and telephone calls – *See* OVC at ¶¶ 58 – 59 and 71). The Original Verified Complaint alleged the specific representations that were made, *See* OVC at ¶¶ 48 – 56; 70.

(2.) <u>Frohlich Defendants Intended to Deceive Plaintiffs</u>
The Original Verified Complaint alleged the basis for Plaintiffs' belief that the statements at issue were made with the intention to deceive the Plaintiffs. *See* OVC at ¶¶ 51 and 74 *et passim.*

(3.) <u>Frohlich Defendants Intended to Induce Reliance</u>
The Original Verified Complaint alleged that the representations were made to induce the Plaintiffs' reliance. *See* OVC at ¶¶ 54 – 56 and 75.

(4.) <u>Plaintiffs Justifiably Relied on Defendants</u>
The Original Verified Complaint alleged that there was justifiable reliance on the part of the Plaintiffs. *See* OVC at ¶¶ 49 – 50; 76 *et passim*.

(5.) <u>Plaintiffs were Injured by the Reliance</u>
The Original Verified Complaint alleged that there was justifiable reliance on the part of the Plaintiffs. OVC at ¶¶ 66 and 77; *et passim*.

My learned colleague argues that the Plaintiffs failed to state a cause of action for fraud and misrepresentation because the Original Verified Complaint failed to allege "the time or place . . . and the individual who made the false statement". With all due respect, as described above the Original Verified Complaint alleged the time, place and identify at issue with specificity.

In Orchid Construction Corp. v. Gottbetter, 911 N.Y.S.2d 694 (S.Ct. Queens Co. July 6, 2010)(Kitzes, Justice Orin R.) a construction contractor hired a subcontractor and then – after the subcontractor performed the work – the contractor refused to pay. The subcontractor sued alleging they were fraudulently induced to enter into the contract with false promises of payment. The Court decided (and as cited by my learned colleague at Memorandum of Law p. 11, the Appellate Court upheld in Orchid Construction Corp v. Gonzalez, 932 N.Y.S.2d 125 (2d Dep't 2011)("Orchid Construction Corp. Appeal") that misrepresentation of an intention to perform cannot substantiate the "misrepresentation" element of a fraud claim. Orchid Constr. Corp. Appeal, *Id.*, at 694.

In Eastman Kodak Co. v. Roopak Enterprises, Ltd., 608 N.Y.S.2d 445 (1st Dep't 1994), also cited by my learned colleague, Memo. at p. 11, the Appellate Division addressed the same situation where the alleged misrepresentation purportedly induced the counter-party to enter into a contract. The court upheld dismissal in the alternative because the Plaintiff failed to allege the time, place and other details of the misrepresentation with sufficient particularity. Eastman Kodak Co., *Id.* at 446.

***By contrast***, in this case the Plaintiffs plainly alleged the misrepresentation element of a fraud claim. With specificity. And at least, when considered in the light most favorable to the Plaintiffs, in a manner that puts the Defendants on notice of the complained-of incidents and which permit a reasonable inference of the alleged misconduct. *See* Pace, *Id.* at 122.

My learned colleague cites Abdale v. North Shore-Long Island Jewish Health System, Inc., 19 N.Y.S.3d 850 (S.Ct. Queens Co. Aug. 15, 2015)(McDonald, Justice Robert J.) for the proposition that fraud claims cannot be made against 'defendants'.

In Abdale, after the arrest of a number of individuals for theft of medical information from North Shore University Hospital, thirteen individuals (patients and relatives of patients at the hospitals from which the information was stolen) filed a class action against several hospital systems including the North Shore-Long Island Jewish Health System, Inc., North Shore-Long Island Jewish Medical Care, PLLC, North Shore-LIJ Network, Inc., and North Shore University Hospital.

The Abdale complaint broadly alleged that the "defendants" engaged in "misrepresentation by allowing the theft of the [medical information]". Abdale, *Id.* at 862. Justice McDonald naturally held that unspecific allegations about a handful of Defendants that alleges no specifics and does not say who-did-what, failed the specificity requirement. Consistent with this rule, the Commercial Division in New York County has dismissed *qui tam* lawsuits alleging vague allegations of fraud against dozens of Defendants where Complaints lack specificity as to which "Defendants" were allegedly involved. *See* Total Asset Recovery Servs., LLC v. MetLife, Inc., 2019 NY Slip Op 30841(U) at ¶25, 2019 N.Y.Misc LEXIS 1563 at *26 (S.Ct. New York Co. March 29, 2019)(Masley, Justice Andrea) *citing* Abdale; Edelweiss Fund, LLC v. J.P. Morgan Chase & Co., 2020 NY Slip Op 50380(U) at ¶15, 2020 N.Y.Misc LEXIS 1362 at *5 (S.Ct. New York Co. March 27, 2020) (Borrok, Justice Andrew).

*By contrast*, in this case the Original Verified Complaint refers to a specific individual (Marc Frohlich), his LLC (Frohlich Financial Group, LLC) and his agent. The Original Verified Complaint clarifies that the other Defendant, AGLI, is liable under a theory of *respondeat superior*, See OVC at ¶ 12 – 22 and 78. There is no lack of specificity with respect to the allegations of who did what. In this vein, it would be valuable to

highlight <u>Pludeman v. Northern Leasing Systems</u>, 10 N.Y.3d 486 (2008) where the New

York Court of Appeals cautioned courts assessing motions to dismiss claims of fraud that:

> "Although plaintiffs have not alleged specific details of each individual defendant's conduct, we have never required talismanic, unbending allegations. Simply put, sometimes such facts are unavailable prior to discovery. Lest we willfully ignore the obvious—or the strong suspicion of a fraud—we have always acknowledged that, in certain cases, less than plainly observable facts may be supplemented by the circumstances surrounding the alleged fraud."

> <u>Pludeman</u>, *Id.* at 493 (collecting cases).

### ii. Plaintiffs could and did rely on the actionable fraudulent statements

As described above, the Original Verified Complaint alleged that the Plaintiffs could and did rely on the actionable fraudulent statements by the Frohlich Defendants. The Frohlich Defendants disagree and at this stage of the pleadings – on a Motion to Dismiss – the Plaintiffs certainly have met their burden entitling them to offer evidence to support their claims through full Discovery. *See* <u>Gotlin</u>, *Id.* at * 13 and cases cited there from the Second Circuit.

My learned colleague cites <u>Cilente v. Phoenix Life Ins. Co.</u>, 2014 NY Slip Op 30037(U), 2014 N.Y.Misc. LEXIS 70 (S.Ct. New York Co. Jan. 7, 2014)(Kapnick, Justice Barbara R.) where on a *Motion for Summary Judgment* – unlike this Motion to Dismiss – the Court reviewed the entire record after substantial Discovery and concluded that the claim of fraud was not substantiated by the documentation. Justice Kapnick explained that "generalized and conclusory allegations" failed to substantiate the cause of action. On the appeal, the First Appellate Division emphasized that the "fraud was based on representations made in documents" and that *after* Discovery, the Plaintiff was unable

to bring forth "evidence in the record indicating that the terms of the policy and financing agreement were not disclosed to plaintiffs . . . ." <u>Cilente v. Phoenix Life Insurance Co.</u>, 21 N.Y.S.3d 236, 238 (1st Dep't 2015).

By contrast, at this early stage in the proceedings the Plaintiffs met their burden to establish the elements of fraud and misrepresentation. During a Motion for Summary Judgment, the Defendants and Plaintiffs will certainly have an opportunity to present the full record to this Court to decide the applicability of <u>Cilente</u> to the record after Discovery in this case.

My learned colleague cites <u>Brahver v. Fishman</u>, 2008 NY Slip Op 31784(U), 2008 N.Y.Misc. LEXIS 10648 (S.Ct. Nassau Co. June 20, 2008)(Bucaria, Justice Stephen A.) for the proposition that "representations almost identical to those at issue in this matter were insufficient to support a claim for fraud". Memo at p. 13.

In <u>Brahver</u>, the Defendant moved to dismiss on the basis of documentary evidence. The Defendants introduced into evidence that Plaintiff signed a document, which expressly "<u>release[d] and h[e]ld[ Defendant] Fishman harmless from and against any and all claims, losses, liabilities, damages, and expenses directly related to any premium financing arrangement entered into.</u>" <u>Brahver</u>, *Id.* at *5 (emphasis in original). The release also had the Plaintiff "acknowledge[] and understand[] the risks of losing all the collateral posted and the risks of losing the benefits of the insurance policy in the event of a failure to post necessary collateral when due or the fulfillment of any other loan obligations." <u>Brahver</u>, *Id.* at *5-6. The Court therefore dismissed the relevant counts of the Complaint on the basis of documentary evidence. <u>Brahver</u>, *Id.* at * 20.

So, while <u>Brahver</u> in passing does suggest that certain statements were "opinion or prediction" <u>Brahver</u>, *Id.* at *17 when contradicted by written documentation; it would be premature to conclude that based on the record in *this* case where the allegations describe commitments, undertaking and obligations – which are entirely distinct from the attorney malpractice claims in <u>Brahver</u> – that the Plaintiff will not be able to substantiate their claim for fraud and misrepresentation.

The Frohlich Defendants conclude their argument to dismiss the claim for fraud and misrepresentation with a passionate argument about whether – as a factual matter – it would be appropriate for the Plaintiffs to have relied on Defendants misrepresentations. Barring any limiting instruction by His Honor, the Frohlich Defendants' interpretation of the facts will undoubtedly be argued to the jury when this case goes to trial. But as a matter of *law*, this argument cannot serve as a basis to dismiss the Plaintiffs' cause of action for fraud and misrepresentation claims.

### iii. The Oberlander Affidavit fills in any purported gaps

The Original Verified Complaint on its own supports a claim for fraud and misrepresentation. As argued above, the Court may also consider the Oberlander Affidavit to fill in any purported gaps and, in the alternative, the Court should grant leave for Plaintiffs to file an Amended Complaint because the Oberlander Affidavit shows that doing so would not be futile. To be clear, the Affidavit is strictly limited in reference to the statements included by coloring it with the date, names, and other specifics to the best of Oberlander's recollection as of the date it was signed (subject to further Discovery, of course).

**3.    The Plaintiffs Stated a Cause of Action
for Breach of Contract**

Under New York law, the essential elements of a cause of action for breach of contract are: "(1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach by the defendant, and (4) damages." Mumin v. Uber Techs., Inc., 239 F. Supp. 3d 507, 536 (E.D.N.Y. 2017)(Glasser, Judge I. Leo) *citing* Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y., 375 F.3d 168, 177 (2d Cir. 2004).  *See also* Karimian v. Time Equities, Inc., 83 N.Y.S.3d 227, 231 (2d Dep't 2018) (collecting Second Appellate Division cases).

As described below, the Original Verified Complaint plausibly alleges each element to the establish that they Plaintiffs should be entitled to offer evidence to support their Cause of Action for Breach of Contract (and the related cause of action for Breach of Covenant of Good Faith and Fair Dealing).  *See* Gotlin, *Id.* at * 13 *and referenced citations*. This section will also address the issues raised by the Frohlich Defendants, and the purported "duplication" of claims.

**I.    The Plaintiffs have established they are
entitled to offer evidence to support
their Cause of Action for Breach of Contract**

The Original Verified Complaint alleges each element of Breach of Contract.  Here's how:

(1.)    A Contract Existed
The Original Verified Complaint alleged that the Frohlich Defendants entered into a contract to serve as the life insurance agents to the Plaintiffs, pursuant to which the Frohlich Defendants were to "provide life insurance advisory services, premium financing services, and imposed other obligations". *See* OVC at ¶¶ 83 – 84, 50 *et passim*.

In their Motion to Dismiss, the Frohlich Defendants raise issues about the nature of the contract which are addressed further on.

(2) and (3)    The Plaintiffs Adequately Performed their Contract
<u>while the Frohlich Defendants did not</u>
The Original Verified Complaint alleged that the Plaintiffs complied with their contractual obligations.

The Original Verified Complaint alleged that the Frohlich Defendants breached their contractual obligations including through the failure to meet their commitment to obtain third-party financing and otherwise failing to live up to their contractual duties. *See* OVC at ¶¶ 85, 66 *et passim*.

(4)    <u>Damages</u>
The Original Verified Complaint alleged that the Plaintiffs directly suffered damages because of the Frohlich Defendants' breach. *See* OVC ¶¶ 86, 65 – 68, *et passim*.

The Original Verified Complaint alleges, consistent with the Federal Rules of Civil Procedure, Rule 8(a)(2) liberal pleading requirements of a "short and plain statement of the claim" sufficient to establish that at trial the Plaintiffs will be able to "offer evidence to support the claim[]" that a contract existed. *See* <u>Gotlin</u>, *Id.* *13. To establish the existence of an enforceable agreement, there must be an "offer, consideration, mutual assent, and an intent to be bound." <u>Kowalchuk v. Stroup</u>, 873 N.Y.S.2d 43, 46 (1st Dep't 2009) *citing* 22 N.Y. Jur.2d Contracts § 9.

Under York law to create a binding contract, where there may be issues about whether it was oral v. written; and the exact nature of the offer and acceptance, Courts "begin their analysis a step earlier. To create a binding contract, there must be a manifestation of a mutual assent sufficient definite to assure that the parties are truly in agreement with respect to all material terms." <u>Express Indus. & Terminal Corp. v. N.Y. State DOT</u>, 93 N.Y.2d 584, 589 (1999) *citing* <u>Joseph Martin, Jr., Delicatessen, Inc. v. Schumacher</u>, 52 N.Y.2d 105 (1981). "However, not all terms of a contract need be fixed

with absolute certainty, and [at the Motion for Summary Judgment stage] courts will not apply the doctrine of indefiniteness to 'defeat the reasonable expectations of the parties in entering into the contract.' " Kramer v. Greene, 36 N.Y.S.3d 448, 450 (1st Dep't 2016) *citing* Cobble Hill Nursing Home v Henry & Warren Corp., 74 N.Y.2d 475(1989) *cert. denied* 498 U.S. 816 (1990). "[A] claimed oral agreement is 'not as a matter of law unenforceable for indefiniteness'" Kramer, *Id.* at 450, *citing* Basu v. Alphabet Mgt. LLC, 8 N.Y.S.3d 273 (1st Dep't 2015); Abrams Realty Corp. v. Elo, 717 N.Y.S.2d 603 (1st Dep't 2001) *lv for appeal denied* 96 N.Y.2d 715 (2001).

The Original Verified Complaint that the Frohlich Defendants entered into a contract that was "offered and accepted through oral conversations between the Plaintiffs and Frohlich Defendants and through e-mail and other written communication." *See* OVC at ¶ 92. The contract spells out sufficiently for purposes of Rule 8 the relevant terms in which the Frohlich Defendants undertook obligations to the Plaintiffs.

My learned colleague cites Reznick v. Bluegreen Resorts Mgmt., Inc., 62 N.Y.S.3d 460, 462 (2d Dep't 2017)("Reznick State") where the Court affirmed a dismissal of a Complaint that made *no* allegations about the existence of a contract between the Plaintiff and Defendant. Reznick State held: "It is axiomatic that without an agreement there can be no contract and without a contract there can be no breach of the agreement." Reznick State, *Id.* at 462 (alterations committed) *citing* Schaffe v SimmsParris, 918 N.Y.S.2d 531 (2011), *quoting* Franklin v. Carpinello Oil Co., 444 N.Y.S.2d 248 (1981). To clarify, on a purported "motion to reconsider" unusually filed as a new lawsuit and then removed to Federal Court, the District Court also granted the Motion to Dismiss and explained that "the complaint references only two agreements (although they fail to cite

specific provisions of either): one between Plaintiff and [a nonparty] and one between Defendant and [a nonparty]." <u>Reznick v. Bluegreen Resorts Mgmt.</u>, 2019 U.S. Dist. LEXIS 33095, at *8 (E.D.N.Y. Feb. 27, 2019)(Garaufis, Judge Nicholas G.)("<u>Reznick Federal</u>"). Judge Garaufis emphasized that the issue in <u>Reznick Federal</u> was that "Liability for breach of contract does not lie absent proof of a contractual relationship or privity between the parties." <u>Reznick Federal</u>, *Id.* at * 8, *citing* <u>CDJ Builders Corp. v. Hudson Grp. Const. Corp.</u>, 889 N.Y.S.2d 64 (2d Dep't 2009).

The <u>Reznick</u> cases share nothing in common with this case where the Plaintiffs have alleged the existence of a contract.

Similarly, <u>Sud v. Sud,</u> 621 N.Y.S.2d 37 (1st Dep't 1995) cited by the Frohlich Defendants for the general proposition that contracts have to be specified was met in this case when the Original Verified Complaint alleged the existence of an oral and/or written contract, *See* OVC at ¶ 83, *et passim*, sufficiently under the plain statement standard of Rule 8.

The Original Verified Complaint alleges that the contract was "offered and accepted" and entered into through, among other means, "e-mail and other written communication". *See* OVC at ¶ 83. Further discovery will flesh out the full documentation of the contract, which does not need to be alleged at this stage of the proceedings and to which Plaintiff does not have full access.

My learned colleague explains that "[here], the alleged contract clearly relates to a life insurance policy." Memo at p. 19. With respect, the Original Verified Complaint alleged that the Frohlich Defendants committed to "providing life insurance advisory services, premium financing services, and imposed other obligations." *See* OVC

at ¶ 84. The Original Verified Complaint explained that Frohlich undertook responsibility to "guide [Oberlander] to on how to property manage [Oberlander's inheritance]." *See* OVC at ¶ 49. All of these undertakings could take place (and to the extent that the Frohlich Defendants' would allege they complied with their undertakings *did take place*) within one year of the contract. These are issues that will be fully explored during Discovery and cannot be a basis to dismiss the claim for Breach of Contract.

### II. The claim for Breach of Covenant of Good Faith and Fair Dealing is not Duplicative

"Under New York law, every contract contains an implied covenant of good faith and fair dealing." Carvel Corp. v. Diversified Mgmt. Group, Inc.*,* 930 F.2d 228, 230 (2d Cir. 1991). "The covenant of good faith and fair dealing embraces a pledge that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." Evans v. Famous Music Corp., 1 N.Y.3d 452, 462 (2004)(Citations and quotation marks omitted) "This is particularly true in relationships where the parties do not deal as equals either in terms of access to information or business acumen and thus, often lack equal bargaining power". Evans, *Id.*, at 462 (citation and quotation marks omitted).

While Plaintiff acknowledges that "in most circumstances, claims for breach of contract and the covenant of good faith and fair dealing are duplicative; however, in some cases a party may be in breach of its implied duty of good faith and fair dealing even if it is not in breach of its express contractual obligations." Orange County Choppers v. Olaes Enterprises, 497 F.Supp.2d 541, 560 (S.D.N.Y. 2007) (Conner, Judge William C.)(citation omitted).

In Orange County Choppers, the court found the implied covenant of good

faith created additional and distinct obligations that did allow for recovery separate from the contract. Orange County Choppers dismissed the claim for express breach of contract while allowing the claim for breach of the covenant of good faith and fair dealing to go ahead with respect to those matters not covered by the contract.

Similarly, in Voss v. Bank of America, NA, No. 5:15-cv-0232, 2016 U.S. Dist. LEXIS 88424 (N.D.N.Y. 2016)(Kahn, Judge Lawrence E.), the court dismissed a claim for breach of contract but allowed a claim for breach of the covenant of good faith and fair dealing to move forward where "Defendants' conduct had the effect of destroying or injuring the right of Plaintiff to receive the fruits of the contract." Voss, at *7, *citing* Kirke La Shelle Co. v. Armstrong Co., 74 N.Y.2d 562 (1933). To survive a Motion to Dismiss with respect to the covenant the Plaintiff must "state[] a claim under the implied covenant that Defendants abused this discretion by acting in bad faith and outside the reasonable expectations of the parties. Whether Defendants' acts were done in bad faith and not within the reasonable expectations of the parties is a question of fact that cannot be decided at the pleading stage." *Voss* at *7 – 8. *See also* Wiseman v. Groep, N.V., No. 16-cv-07587 (AJN), 2017 U.S. Dist. LEXIS 161465 (S.D.N.Y. Sept. 28, 2017)(Nathan, Judge Alison J.)(dismissing claim for breach of contract and allowing case to proceed on claim for breach of covenant of good faith and fair dealing).

So while "New York law does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a plaintiff also pursues a breach of contract claim based upon the same facts". Harris v. Provident Life & Accident Ins. Co., 310 F.3d 73, 81 (2d Cir. 2002), here, the Plaintiffs position is that even if the breach of contract claims is dismissed, the case should move forward for Defendants'

breach of the covenant of good faith and fair dealing. *See, e.g.*, <u>Voss</u>, <u>Orange County Choppers</u>, and <u>Wiseman</u> where breach of contract claim was dismissed, but the claim for breach of the covenant moved forward on the same transaction, and the other cases referenced above.

Similarly "unlike a breach of contract claim, which requires a plaintiff to identify the specific contractual provision allegedly breached, the covenant of good faith and fair dealing applies to the contract as a whole" <u>Voss</u>, *Id.*, at \*6. The contractual undertakings that the Frohlich Defendants undertook in providing advisory services arise from and are broader than the express terms and therefore does not conflict with the contractual duties and should move forward *together* with the breach of contract claim.

In addition, a Plaintiff's statutory right to plead in the alternative pursuant to New York State law (*See* C.P.L.R. § 3014) would be eviscerated if claims were dismissed for being "duplicative" when removed to federal court. With respect to analogous claims for unjust enrichment our courts have said: "even though Plaintiffs may not ultimately recover under both the breach of contract and unjust enrichment claims, courts in this Circuit routinely allow plaintiffs to plead such claims in the alternative." <u>U.S. Bank Nat'l Assoc. v. BFPRU I, LLC</u>, 230 F. Supp. 3d 253, 266 (S.D.N.Y. 2017) *citing* <u>Transcience Corp. v. Big Time Toys, LLC</u>, 50 F.Supp.3d 441 (S.D.N.Y. 2014).

**4.      The Plaintiffs Stated
the Other Causes of Action**

**i.      The Plaintiffs Stated a Cause of Action
for Breach of Fiduciary Duty**

Under New York Law, "[i]n order to establish a breach of fiduciary duty, a plaintiff must prove the existence of a fiduciary relationship, misconduct by the defendant, and damages that were directly caused by the defendant's misconduct." Kurtzman v. Bergstol, 835 N.Y.S.2d 644, 646 (2d Dep't 2007) *citing* Ozelkan v Tyree Bros. Envtl. Servs. Inc., 815 N.Y.S.2d 265 (2d Dep't 2006). These elements are alleged in the Original Verified Complaint, *See* OVC at ¶¶ 99 – 106, *et passim*.

The Frohlich Defendants argue that the Frohlich Defendants cannot be fiduciaries because they are insurance brokers, *See* Memo at Point III(A). Leaving to one side whether the scope of fiduciary duties of brokers can be addressed at the Motion to Dismiss stage; the Original Verified Complaint alleged that the Frohlich Defendants undertook to provide a suite of financial and advisory services far beyond mere brokerage services. *See* OVC at ¶¶ 49 – 61, *et passim*).

In Roni LLC v. Arfa, the First Appellate Division agreed with the general principle argued by the Frohlich Defendants in this case and undisputed by the Plaintiffs:

> "[P]arties' business or personal relationship is not sufficient to establish a fiduciary relationship. A conventional business relationship between parties dealing at arm's length does not give rise to fiduciary duties unless the plaintiff shows that the defendant 'had superior expertise or knowledge about some subject *and misled [the] plaintiff by false representations concerning that subject*."

Roni LLC v. Arfa, 903 N.Y.S.2d 352, 355 (1st Dep't 2010)(emphasis in original) *citing* Schonfeld v. Thompson, 663 N.Y.S.2d 166 (1st Dep't 1997); Stuart Silver

Assoc. v. Baco Dev. Corp., 665 N.Y.S.2d 415 (1st Dep't 1997)("Roni Appellate Division"). As applied to the promoter in Roni Appellate Division, the Appellate Division found it had been adequately plead. On appeal the New York Court of Appeals set forth the standard for assessing in any particular case whether a fiduciary duty existed. Chief Judge Lippman wrote: "Ascertaining the existence of a fiduciary relationship 'inevitably requires a fact-specific inquiry'" Roni LLC v. Arfa, 18 N.Y.3d 846, 848 (2011) *citing* Eurycleia Partners, LP v Seward & Kissel, LLP, 12 N.Y.3d 553, 561 (2009)(Roni Court of Appeals).

Roni Court of Appeals held that allegations of a fiduciary relationship can survive a Motion to Dismiss when the Complaint alleges that a "A fiduciary relationship arises 'between two persons when one of them is under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relation' fiduciary relation exists when confidence is reposed on one side and there is resulting superiority and influence on the other" Roni LLC, *Id.* at 848 *citing* AG Capital Funding Partners, L.P. v State St. Bank & Trust Co., 11 N.Y.3d 146, 158 (2008).

The Original Verified Complaint alleged the Frohlich Defendants were subject to a fiduciary duty arising from a suite of obligations they took on (far beyond mere brokerage services) and with respect to a Motion to Dismiss, the Plaintiffs have sufficiently alleged a cause of action.

Further, the Plaintiffs argue for breach of fiduciary duty in the alternative. *See* U.S. Bank Nat'l Assoc., *Id.* and discussion above at p. 34 about the right to plead in the alternative.

### ii. The Plaintiffs Stated a Cause of Action for Negligence

Under New York law, "[i]t is a well-established principle that a simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated." Clark-Fitzpatrick, Inc. v. Long Island R.R. Co., 70 N.Y.2d 382, 389 (1987) (citations omitted). "This legal duty must spring from circumstances extraneous to, and not constituting elements of, the contract, *although it may be connected with and dependent upon the contract*." Clark-Fitzpatrick, Inc., *Id.* at *389, citing* Rich v. New York Central & Hudson River R.R. Co., 87 N.Y. 382 (1882) (emphasis added). The Second Circuit has therefore held that "[a] negligence claim may be brought provided that the plaintiff alleges that a legal duty independent of the contract itself has been violated." Dorking Genetics v. U.S., 76 F.3d 1261 (1996), *citing* Clark-Fitzpatrick, Inc., *Id*

In Sommer v. Federal Signal Corp., 79 N.Y.2d 540 (1992) the Court "identified several guideposts for separating tort from contract claims." Sommer, *Id.* at 551. These guideposts include:

- "a separate tort liability arising from a breach of duty distinct from, or in addition to, the breach of contract." Sommer, *Id.* at 551 *citing N*orth Shore Bottling Co v. Schmidt & Sons, 22 N.Y.2d 171 (1968);

- "[a] legal duty independent of contractual obligations [which] may be imposed by law as an incident to the parties' relationship" Sommer, *Id.* at 551 ˆRich v. New York Central & Hudson River R.R. Co., 87 N.Y. 382 (1882); and

- "the nature of the injury, the manner in which the injury occurred and the resulting harm." Bellevue S. Associates v. HRH Construction Corp., 78 N.Y.2d 282 (1991).

As applied to the Original Verified Complaint, each of these guideposts lean toward upholding a distinct claim for negligence.

**First** – the First Amended Complaint alleged that the tort liability arose from the Frohlich Defendants failure to provide proper professional advice and for providing their professional service in a negligent manner. That violation created a separate tort liability arising from a breach of duty distinct from the breach of contract. *See* OVC at ¶¶ 111 – 112, *et passim*.

**Second** – the legal duty imposed on the Frohlich Defendants to provide professional services consistent with the relevant standard of care was independent of the Defendants contractual obligations. Statutory duties, regulatory compliance programs, common sense, and New York industry standards require that life insurance brokers engage in proper professional practice regardless of any contract with their customers. Financial advisors are also subject to strict regulation and owe their counter-parties a very high standard of care under New York law.

**Third** – the nature of the injury is distinct from the injury from the breach of contract. Assuming the Court dismissed the cause of action for breach of contract, then the injury is necessarily distinct. Even if the breach of contract claim moves forward however, the damage caused by the Frohlich Defendants' negligence is broader and distinct.

**Fourth** – the manner in which the injury occurred is distinct as will be explored during Discovery.

**Last** – the resulting harm is distinct. For example, even if a fact-finder were to determine that the contract required a certain level of professional services, the Frohlich

Defendants still breached their higher duty of care arising from the professional relationship with the Plaintiffs.

Following these guideposts as laid out by the New York Court of Appeals, the Original Verified Complaint plausibly alleges a negligence claim distinct from the Breach of Contract claim.

Further, the Plaintiffs argue for negligence liability in the alternative. *See* U.S. Bank Nat'l Assoc., *Id.* and discussion above at p. 34 about the right to plead in the alternative.

### iii. The Plaintiffs Stated a Cause of Action Under GBL § 349

As described in the Original Verified Complaint, the Frohlich Defendants represented themselves as "the largest premium-financed life insurance producer in the Northeast". *See* OVC at ¶ 55, *et passim*. The practices described in the Original Verified Complaint did adversely affect the Plaintiffs, but they consumer-oriented behavior, which when read in light most favorable to the Plaintiffs, should allow the Plaintiffs to engage in discovery to determine whether the Frohlich Defendant practices were part of their general commercial practice to all potential consumers of their services and products.

### iv. The Plaintiffs Stated a Cause of Action for Unjust Enrichment

As described above, a Plaintiff's statutory right to plead in the alternative pursuant to New York State law (*See* C.P.L.R. § 3014) would be eviscerated if claims were dismissed for being "duplicative" when removed to federal court. With respect to analogous claims for unjust enrichment our courts have said: "even though Plaintiffs may not ultimately recover under both the breach of contract and unjust enrichment claims,

courts in this Circuit routinely allow plaintiffs to plead such claims in the alternative." <u>U.S. Bank Nat'l Assoc.</u>, *Id.* 266. Judge Koetl explained that: "A court may allow a breach of contract and an unjust enrichment claim to proceed past the motion to dismiss stage when the validity or scope of the contract is difficult to determine." <u>U.S. Bank Nat'l Assoc.</u>, *Id.*, at 266 *citing* <u>Hildene Capital Mgmt., LLC v. Friedman, Billings, Ramsey Grp., Inc.</u>, No. 11-cv-5832 (AJN), 2012 U.S. Dist. LEXIS 115942 (S.D.N.Y. Aug. 15, 2012)(Nathan, Judge Alison J.).

**v.  The Plaintiffs Stated a Cause of Action
for Declaratory Judgment**

When read in the light most favorable to the Plaintiffs, the relief requested in this Original Verified Complaint may include a declaratory judgment voiding the policy and contract between the Plaintiffs and the Frohlich Defendants, in which case the premiums and other compensation to the Frohlich Defendants would be refunded. As described above, disallowing a pleading in the alternative would be inconsistent with New York's C.P.L.R. that allows Plaintiffs to proceed on such claims in the alternative before the trial.

**5.  The Plaintiffs Suffered Actionable Damage**

The Frohlich Defendants reference a proposed agreement between the parties. That agreement is inadmissible to establish Plaintiffs' position because it was discussed in the context of an attempt to resolve a dispute (i.e. for settlement purposes only). In addition, the Original Verified Complaint alleges that the purported agreement (and any admissions it contains) never came into effect. See OVC at ¶¶ 40 – 47. At the very least, this is the kind of issue that can be resolved in Discovery as the parties explain

their position and by the Jury as they deliberate on this case.  With all due respect, it is not a basis to dismiss a Complaint.

My learned colleague refers to the doctrine of "voluntary payment" which Chief Judge Judith Kaye described as a common law rule which under New York law "bars recovery of payments voluntarily made with full knowledge of the facts, and in the absence of fraud or mistake of material fact or law."  Dillon v. U-A Columbia Cablevision of Westchester, Inc., 100 N.Y.2d 525, 526 (2003) *citing* Gimbel Bros., Inc. v Brook Shopping Centers, Inc., 499 N.Y.S.2d 435 (2d Dep't 1986).  *See* Memo at 36 – 37.  The First Appellate Division puts a finer point on it and explains that the onus is on a party that receives what it perceives as an improper demand for money to 'take its position at the time of the demand, and litigate the issue before, rather than after, payment is made.' " Beltway 7 & Props., Ltd. v. Blackrock Realty Advisers, Inc., 90 N.Y.S.3d 3, 6 (1st Dep't 2018) *citing* DRMAK Realty LLC v Progressive Credit Union, 18 N.Y.S.3d 618 (1st Dept 2015).

That rule does not apply here.  As alleged in the Original Verified Complaint, the Frohlich Defendants did engage in fraud and induce a mistake of material fact or law, *See* OVC *passim*.  In addition, the Frohlich Defendants did not make a payment demand to which the Plaintiffs consented.

For that reason the "voluntary payment" doctrine does not bar the causes of action in the Original Verified Complaint as a matter of law.  And to the extent that such doctrine would be applied here, it should only be considered after full Discovery.

*[Remainder of Page Intentionally Left Blank]*

## Conclusion

For the reasons described above, this Honorable Court should deny the Frohlich Defendants' Motion to Dismiss and, in the alternative, grant the Plaintiffs leave to serve an Amended Complaint.

Dated: **MAY 18, 2020**

Respectfully Submitted,

BARUCH S. GOTTESMAN, ESQ.
185-12 Union Turnpike
Fresh Meadows, NY 11366
Phone: (212) 401-6910
E-mail: <bg@gottesmanlegal.com>
*Attorney for Plaintiffs*

Served Via NYSCEF on All Parties