UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- x
                                                         |
**SALAMAN OBERLANDER**, *et al.*,                        |
                                                         |  Index No.: **1:20-cv-00567-ILG-JO**
               Plaintiffs,                               |
                                                         |
     ~ *against* ~                                       |
                                                         |  **NOTICE OF APPEAL**
**AMERICAN GENERAL LIFE**                                |
**INSURANCE COMPANY**, *et al.*,                         |
                                                         |
               Defendants.                               |
                                                         |
-------------------------------------------------------- x
\

   **NOTICE IS HEREBY GIVEN** that the Plaintiffs (i.) **SALAMAN OBERLANDER;** and (ii.) **SALAMON OBERLANDER**, *as Trustee of* **THE ADER I TRUST** *dated December 11, 2014*, in the above captioned case appeal to the United States Court of Appeals for the Second Circuit from the Memorandum and Order of United States District Court Judge I. Leo Glasser dated June 16, 2022 (Document No. 35 filed June 17, 2022); and the Clerk's Judgment dated June 17 (Document No. 36 filed June 17, 2022).

   **COPIES OF MEMORANDUM AND ORDER AND THE CLERK'S JUDGMENT ARE ATTACHED HERETO**

   Dated: **July 15, 2022**

                 Respectfully Submitted,

BARUCH S. GOTTESMAN, ESQ.
185-12 Union Turnpike
Fresh Meadows, NY 11366
Phone: (212) 401-6910
E-mail: <bg@gottesmanlegal.com>
*Attorney for Plaintiffs*

*Served via ECF on all Counsel of Record*

**Andrew P. Fishkin**
**Zachary Winthrop Silverman**

c/o Fishkin Lucks LLP
One Gateway Center Suite 1150
Newark, NJ 07102
Email:Zsilverman@fishkinlucks.com
Email:Afishkin@fishkinlucks.com


**Christina Marie Rieker**

c/o Winget Spadafora & Schwartzberg, LLP
45 Broadway, 19th Floor
New York, NY 10006
Email:Rieker.C@wssllp.Com

**Andrew Michael Janof**

Fried, Frank, Harris, Shriver & Jacobson, LLP
1 New York Plaza
New York, NY 10004
Email:Ajanof@yahoo.Com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SALAMAN OBERLANDER, and SALAMON
OBERLANDER as Trustee of THE ADER I
TRUST dated December 11, 2014,            MEMORANDUM AND ORDER
                                          20-CV-0567 (ILG) (SJB)
                    Plaintiffs,

     - against -

AMERICAN GENERAL LIFE INSURANCE
COMPANY, MARC FROHLICH, and
FROHLICH FINANCIAL GROUP, LLC,

                    Defendants.
------------------------------------------------------------x

**GLASSER**, Senior United States District Judge:

   This case concerns the issuance of a $15,000,000 life insurance policy through allegedly deceptive business practices and fraud. Defendant American General Life Insurance Company ("AGLIC") is a national insurance company; defendant Frohlich Financial Group, LLC, is an insurance brokerage company that is owned by defendant Marc Frohlich (together, the "Frohlich Defendants," and with AGLIC, "Defendants"). Original Verified Complaint [ECF No. 1-3] ("Compl."), ¶¶ 4-10. Plaintiffs Salaman[1] Oberlander ("Oberlander") and The Ader I Trust (together, "Plaintiffs"), represented by Oberlander as Trustee, contend that Defendants misled them into obtaining the insurance policy, the result of which was significant financial loss. Plaintiffs commenced this action in New York state court, asserting claims for fraud, breach of contract, breach of the implied covenant of good faith and fair dealing, breach of fiduciary duty, negligence, a violation of New York's deceptive trade practices law, and unjust enrichment. In

---

[1] Oberlander explains that although his first name is correctly spelled Salaman, the spelling of his name on some government-issued documentation and other paperwork that is relevant in this action shows his name spelled as Salamon. Compl. ¶ 1. There are no arguments about the difference in spelling having any relevance to any of the issues in this case, so the Court considers the different spelling to be of no moment.

1

addition to damages, they also seek a declaratory judgment that Defendants are obligated to repay all of the insurance policy's premiums that Plaintiffs paid.

Defendants removed the action to this Court and have now moved to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). [ECF Nos. 22, 24] (the "Motions"). For the following reasons, the Motions are **GRANTED**.

## BACKGROUND

The facts of this case, taken from the Complaint's allegations, can be easily summarized. Oberlander sought a life insurance policy on his mother's life from the Frohlich Defendants, who acted as agents of AGLIC. Based on the application submitted through the Frohlich Defendants, AGLIC issued a $15,000,000 life insurance policy on the life of Oberlander's mother. The policy was issued on March 5, 2015, and required monthly premiums in excess of $87,000. In order to induce Oberlander to accept the policy, Frohlich purportedly represented to Oberlander that Frohlich would secure third-party financing for the premiums, resulting in Oberlander not having to "pay a nickel" for the policy. This financing never materialized.

Rather than reject the policy, however, Oberlander accepted it and paid the monthly premiums out of his own picket for more than a year. During this time the policy was in full effect and, had Oberlander's mother died, AGLIC would have been obligated to pay $15,000,000. Oberlander or other family members would also have benefited from three other life insurance policies on his mother's life, totaling an additional $15,500,000. Oberlander continued to pay the monthly premiums until mid- or late-2016, when the policy lapsed due to non-payment of the premiums.

## ANALYSIS

"[T]here comes a point where this Court should not be ignorant as judges of what we know as men." *Watts v. State of Indiana*, 338 U.S. 49, 52 (1949). Since the Motions were filed, this Court has become aware of two related actions that have been commenced by Mr. Menachem Lichter, an individual who was initially named in this case but who was dismissed prior to the service of the Complaint. [ECF No. 1-4]. The first action is pending in the United States District Court for the Southern District of New York and names the Frohlich Defendants as the defendants. *See* Complaint, *Lichter v. Frohlich*, No. 22-CV-0626 (S.D.N.Y. Jan. 25, 2022). The second is pending in the Supreme Court of New York and names Oberlander and his attorneys as defendants. *See* Verified Complaint [NYSCEF Doc. No. 2], *Lichter v. Oberlander*, No. 501193/2022 (N.Y. Sup. Ct., Kings Cnty. Jan. 11, 2022). The Court has also heard oral argument from the parties and seen with its own eyes Oberlander's engagement with the matters at hand, despite his professed naivety.

The allegations in Lichter's pleadings present a very different story of how it came to be that Oberlander applied for and received a $15,000,000 insurance policy. In fact, at times, Lichter's version of events is directly contradictory to, and wholly irreconcilable with, the version presented in Oberlander's Complaint. Lichter also supported his state court action with a host of documentary evidence. Having seen this evidence and heard the parties at oral argument, the Court has many serious questions about the veracity of some of Oberlander's allegations. For example, Oberlander asserts that he was a financially "unsophisticated" individual who knew nothing about life insurance policies and had to rely on the Frohlich Defendants for advice. Compl. [ECF No. 1-3], at ¶ 49. However, Lichter attached to his state court complaint a 2014 letter from E. Alan Rubenstein, Esq., who represented that he had been retained to provide Oberlander with "general

3

estate planning advice." In that letter, Mr. Rubenstein makes out Oberlander to be anything but unsophisticated. Rather, he explained that Oberlander was the elected trustee of the family trust holding the equity of a company with more than $100,000,000 in sales, that "Oberlander has been actively involved in various business enterprises over the past 30 years, where he continues to take an active role in the management of the real estate businesses and other projects," and that Oberlander's net capital assets were worth nearly $20,000,000. *See* Apr. 10, 2014 Letter [NYSCEF Doc. No. 4], *Lichter v. Oberlander*, No. 501193/2022 (N.Y. Sup. Ct., Kings Cnty. Jan. 11, 2022).

Also curious is the dearth of documentary evidence or factual details throughout the Complaint, which is largely alleged upon information and belief. Despite counsel's representation at oral argument that Oberlander is not "a super online person," *see* Mar. 24, 2022 Hr'g Tr. at 30:18-19, counsel also admitted that such documents do exist, and there is evidence in Lichter's state court case that Oberlander has at least one e-mail address. *See id.* at 36:19-37:10; Jan. 11, 2022 E-mail [NYSCEF Doc. No. 11], *Lichter v. Oberlander*, No. 501193/2022 (N.Y. Sup. Ct., Kings Cnty. Jan. 11, 2022). Yet this Court is to believe that an individual with 30 years of business experience and assets worth nearly $20,000,000 does not possess a single piece of paper reflecting an agreement concerning the payment of $87,000 monthly premiums.

Equally as remarkable is the fact that there is one specific phone call Oberlander can recall, and despite it happening five years earlier, he can recall both the date and the time it occurred. He claims he recalls the time – 3:30 P.M. – because it was just before sundown and the start of Shabbat. Aff. of Salamon Oberlander, dated May 18, 2020 [ECF No. 30-1], at ¶ 4. But on the date that the call allegedly occurred – March 27, 2015 – sundown was not until 7:15 P.M., nearly

4

four hours later. Still, even if true, why is it that this information was not offered until after it was needed to survive a Rule 9(b) challenge?

Notwithstanding the foregoing, in evaluating the Motions the Court must adhere to the artificial nescience imposed by precedent, considering only the Complaint and documents upon which the Complaint relies, taking as true the factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Coal. for Competitive Elec., Dynergy Inc. v. Zibelman*, 906 F.3d 41, 49 (2d Cir. 2018); *Goel v. Bunge, Ltd.*, 820 F.3d 554, 558-60 (2d Cir. 2016). Although judicial notice may be taken of the pleadings in the other actions and the allegations contained therein, the Court may not consider those allegations for the truth of the matters asserted. *See United States ex rel. Wood v. Allergan, Inc.*, 899 F.3d 163, 169 (2d Cir. 2018) (taking judicial notice of allegations in related complaint); *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) ("[C]ourts routinely take judicial notice of documents filed in other courts, again not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings."). And, of course, no citation is necessary for the maxim that the Court may not make any credibility assessments. Fortunately, the Court need not – and does not – do so in resolving the Motions.

Plaintiffs allege eight causes of action sounding in tort and contract. Each of these claims is based on the same conduct: Frohlich's failure to provide premium financing for the insurance policy. Each claim also seeks the same remedy: repayment of the premium payments that Oberlander made to AGLIC while the insurance policy was in effect. Although the Court finds that the Complaint suffers from a host of fatal defects,[2] it need not delve into a detailed analysis of

---

[2] A partial list of these defects includes a failure to satisfy Fed. R. Civ. P. 9(b), a failure to allege reasonable reliance or any common law or fiduciary duty, and being barred by the statute of frauds and the statute of limitations.

5

each claim because they all suffer from the same problem: Plaintiffs have not alleged that they suffered any damages.

When the third-party financing was not arranged in March 2015, the Plaintiffs had the choice to not accept the insurance policy. But they chose to do so. When the third-party financing was not arranged after the first month, the Plaintiffs could have chosen not to pay the monthly premium. But they again chose to do so. For the next year and some months, Plaintiffs voluntarily continued to choose to pay the policy premiums. By doing so, they received a benefit in the form of insurance coverage. Much like a disgruntled diner who seeks a full refund after finishing his meal because the soup was cold, Plaintiffs are seeking to recover after the fact the cost of the benefit they voluntarily chose to accept.

In short, the law does not recognize as damages the money a plaintiff voluntarily chooses to pay in exchange for a benefit that is received as promised, and that is all Plaintiffs have alleged here. Absent damages, they have no claim.

## CONCLUSION

For the foregoing reasons, the Motions are **GRANTED** and the Complaint is dismissed in its entirety.

SO ORDERED.

Dated:   Brooklyn, New York
         June 16, 2022

/s/_____
I. Leo Glasser
Senior United States District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
SALAMAN OBERLANDER, and SALAMON
OBERLANDER as Trustee of THE ADERI TRUST
dated December 11, 2014,

                              Plaintiffs,                              JUDGMENT
                                                                  20-CV-0567 (ILG) (SJB)

    v.

AMERICAN GENERAL LIFE INSURANCE
COMPANY, MARC FROHLICH, and
FROHLICH FINANCIAL GROUP, LLC,

                              Defendants.
---------------------------------------------------------------X

        A Memorandum and Order of United States District Judge I. Leo Glasser, having been filed on June 16, 2022, granting the Motions at DE#22 and #24; and dismissing the Complaint in its entirety; it is

        ORDERED and ADJUDGED that the Motions at DE#22 and #24 are granted; and that the Complaint is dismissed in its entirety.

Dated: Brooklyn, New York                              Brenna B. Mahoney
       June 17, 2022                                            Clerk of Court

                                                                   By:    */s/Jalitza Poveda*
                                                                            Deputy Clerk