**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------ X

SALAMAN OBERLANDER, *et al.*,

Plaintiffs,

~ *against* ~

AMERICAN GENERAL LIFE
INSURANCE COMPANY, *et al.*,

Defendants.

------------------------------------------------------------ X

**Index No.: 1:20-cv-00567-ILG-JO**

**JOINT SUMMARY LETTER**

Pursuant to the Court's Scheduling Order dated July 16, 2026 (ECF 47), the Parties respectfully have discussed the case and its management and respectfully submit this joint summary letter with a brief statement of the parties' positions.

### I.  Position of Plaintiff Salaman Oberlander

The Second Circuit Court of Appeals issued its Mandate on May 1, 2023 (ECF 39) as a Summary Order.  The Summary Order vacated the decision of the Honorable District Judge Glasser that dismissed the Complaint.  The Second Circuit did not reach the issue of whether the District Court abused its discretion in denying the Plaintiff leave to amend the Complaint (SUMMARY ORDER at p. 6), and "allow[ed]" the District Court to address other theories raised in the Motions to Dismiss in the first instance, *Id.*

1

Since 2023, the Plaintiff has sought a number of times to arrange for a Rule 26(f) conference to move discovery forward. On February 25, 2025, the Parties appeared before the Honorable Magistrate Judge Taryn A. Merkl who took the request to open discovery under advisement, MINUTE ENTRY AND ORDER (unnumbered docket entry dated Feb. 25, 2025).

Plaintiff respectfully submits that Discovery should now begin. And that any legal issues can be addressed on the Motions for Summary Judgment at the close of Discovery.

**II.     Position of Defendants**
        **Frohlich Financial Group, LLC and Marc Frohlich**

Plaintiff, Salaman Oberlander, individually and on behalf of a trust – essentially alleges that the Frohlich Defendants breached an agreement to procure premium financing for a life insurance policy the trust purchased on the life of Mr. Oberlander's mother. Plaintiffs contend the Frohlich Defendants represented that the promised premium financing would free them from having to pay any premiums on the policy, which subsequently lapsed when plaintiffs could not keep up with the premiums.

The Frohlich Defendants and Defendant American Life Insurance Company ("AGLIC") both filed pre-answer motions to dismiss the complaint. Magistrate Judge Orenstein ruled that discovery would be stayed pending resolution of the motions. Defendants identified in their motions to dismiss several independent bases for dismissal of the plaintiffs' claims. See Generally, ECF Nos. 22, 24, 32, 33. Judge Glasser granted the motions, dismissing plaintiffs' complaint in its entirety, on only one of the many bases identified by defendants: that plaintiffs did not allege any cognizable damages. ECF No. 35. While Judge Glasser did not premise his decision on any of the several other bases for dismissal identified in defendants' motions, he agreed that

2

plaintiffs' complaint "suffers from a host of fatal defects," a "partial list" of which "includes a failure to satisfy Fed. R. Civ. P. 9(b), a failure to allege reasonable reliance or any common law or fiduciary duty, and being barred by the statute of frauds and the statute of limitations." ECF No. 35 at 5 & n.2. But Judge Glasser declined to "delve into a detailed analysis of each claim" given his finding that plaintiffs had failed to allege cognizable damages was fatal to all of plaintiffs' claims. Id. at 5-6.

Plaintiffs appealed, and the Second Circuit vacated Judge Glasser's decision and remanded the matter to this Court. While the Second Circuit did not credit Judge Glasser's singular basis for dismissing the matter, it recognized that the Defendants "raise[d below] several alternative independent grounds for dismissing each of 'plaintiffs'] causes of action" that Judge Glasser did not address. ECF No. 38 at 5. Thus, the Second Circuit held that remand was necessary "to allow the district court to address these and any other appropriate alternative grounds for dismissal in the first instance." Id. at 5-6. This Court has not yet addressed these several other grounds.

In light of the Order of this Court staying the proceedings pending the resolution of defendants' motion to dismiss (ECF No. 21), discovery should remain stayed until the Court has an opportunity to issue its subsequent ruling on the defendants' motions to dismiss. As such, the Defendants respectfully submit that discovery should remain stayed.

"In evaluating whether a stay of discovery pending resolution of a motion to dismiss is appropriate, courts typically consider: (1) whether the Defendants ha[ve] made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Palladino v. JPMorgan Chase & Co.*, 345 F.R.D. 270, 273 (E.D.N.Y. 2024) (stay warranted where plaintiff

alleged "substantial issues" with regard to the viability of the complaint, where several depositions would be needed, and where plaintiffs did not articulate any prejudice); *see also Gross v. Madison Square Garden Entm't Corp.*, 23-cv-3380, 2023 WL 6815052 at *2 (S.D.N.Y. Oct. 17, 2023) (stay appropriate where substantial issues raised on motion to dismiss; while "requested discovery is narrowly tailored and does not appear to be burdensome, plaintiffs have not articulated any compelling reason why it needs to be produced while the motion to dismiss is pending"); *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115-16 (E.D.N.Y. 2006) (stay appropriate where defendant raised on tis motion to dismiss substantial issues with regard to at least "many" of plaintiff's causes of action, where the decision on the motion could at least substantially reduce discovery, and where plaintiff did not articulate any prejudice that would result from the stay).

Here, both this Court and the Second Circuit have rightly observed that there are several sound bases for dismissal of plaintiffs' complaint that were raised on defendants' motions to dismiss and that have yet to be decided.

Furthermore, while it is presently unclear what discovery plaintiffs intend to request, the Frohlich Defendants will undoubtedly have to expend significant resources gathering files, responding to written discovery, and appearing for deposition, as well as propound their own discovery – all before it becomes clear which, if any, of plaintiffs' claims may remain in the case. *See Spinelli v. Nat'l Football League*, 13-cv-7398, 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015) (discovery stay appropriate where decision on motion to dismiss "may also have the advantage of simplifying and shortening discovery in the event that some of Plaintiff's claims are dismissed and others survive, by limiting the scope of the parties' inquiry to claims that have been established as potentially viable").

4

### III.    Position of Defendant American General Life Insurance Company

AGLIC agrees with the Frohlich Defendants' recitation of the claims, defenses, and procedural history in the action and that discovery should be stayed pending this Court's resolution of AGLIC and the Frohlich Defendants' motions to dismiss.

AGLIC adds that the only liability alleged as to it is derivative, *i.e.*, as a purported principal of the Frohlich Defendants.  Thus, a dismissal of plaintiff's claims against the Frohlich Defendants would be dispositive of those claims as against AGLIC.  *See* ECF No. 24-1.

Separately, while AGLIC agrees that discovery should continue to be stayed, if the Court is unwilling to maintain the stay, AGLIC respectfully submits that the fact discovery period should be at least 180 days—rather than the presumptive 90 days set forth in the Court's July 16, 2026 notice, ECF No. 47.  The circumstances surrounding the procurement of the at-issue life insurance policy and the alleged attempt to obtain premium financing are complex and muddled, involve several non-parties, and has already spawned a separate, convoluted State court litigation in which plaintiff and his previous attorneys were sued by the policy's broker for alleged gross malfeasance.  Given this, AGLIC anticipates that it will need to conduct significant non-party discovery, much of which will be directed to entities disinclined to cooperate.

***

The Parties appreciate the Honorable Court's careful attention to this case and will continue to keep the Court apprised of all progress.

5

DATED:  July 30, 2026


**RESPECTFULLY SUBMITTED,**

**For the Plaintiff**
/s/ Baruch Gottesman
Baruch Gottesman, Esq.
GOTTESMAN LEGAL PLLC
11 Broadway, Suite 615
New York, NY 10004



**For the Defendant**
**American General Life Insurance Company**
/s/ Andrew P. Fishkin
/s/ Zachary W. Silverman *(by BSG as authorized by e-mail 07/30/2026 at 4:44 PM EDT)*
Andrew P. Fishkin, Esq.
Zachary W. Silverman, Esq.
FISHKIN LUCKS LLP
The Woolworth Building
233 Broadway, Suite 820
New York, NY 10279



**For the Defendants**
**Frohlich Financial Group, LLC and Marc Frohlich**
**/s/** Christina Marie Rieker *(by BSG as authorized by e-mail 07/30/2026 at 5:19 PM EDT)*
Christina Marie Rieker, Esq.
Winget Spadafora & Schwartzberg LLP
45 Broadway, 19th Floor
New York, NY 10006

**CERTIFICATE OF SERVICE**

I hereby certify that on July __, 2026, simultaneous with the filing of this Submission, a copy of this submission will be served upon counsel for all Appearing Parties using the court's CM/ECF system which will provide a notice of electronic filing to the following counsel of record of consent in writing to accept this notice of service of this document by electronic means.