# EXHIBIT 9

22-1533-cv
*Salaman Oberlander v. American General Life Insurance Co. et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of April, two thousand twenty-three.

Present:
DEBRA ANN LIVINGSTON,
*Chief Judge*,
ROSEMARY S. POOLER,
ROBERT D. SACK,
*Circuit Judges.*

---

SALAMAN OBERLANDER, INDIVIDUALLY AND AS TRUSTEE OF THE ADER I TRUST DATED DECEMBER 11, 2014,

*Plaintiff-Appellant*,

v. 22-1533-cv

AMERICAN GENERAL LIFE INSURANCE COMPANY, MARC FROHLICH AND FROHLICH FINANCIAL GROUP, LLC,

*Defendants-Appellees.*

---

For Plaintiff-Appellant: Baruch S. Gottesman, Law Office of Baruch S. Gottesman, Esq., Fresh Meadows, NY

For Defendants-Appellees Marc Frohlich and Christina M. Rieker, Winget, Spadafora &

Frohlich Financial Group, LLC: Schwartzberg, LLP, New York, NY

For Defendant-Appellee American General Life Insurance Company: Andrew P. Fishkin & Zachary W. Silverman, Fishkin Lucks LLP, New York, NY

Appeal from a judgment of the United States District Court for the Eastern District of New York (Glasser, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** and **REMANDED**.

Plaintiff-Appellant Salaman Oberlander, for himself and as trustee of the Ader I Trust dated December 11, 2014 (the "Trust"), appeals from the June 17, 2022 judgment of the United States District Court for the Eastern District of New York (Glasser, *J.*) dismissing his complaint against Defendants-Appellees Marc Frohlich and Frohlich Financial Group, LLC (collectively, the "Frohlich Defendants") and American General Life Insurance Company ("AGLIC"). On appeal, Oberlander argues that the district court erred in (1) dismissing the complaint in its entirety for failure to state a claim and (2) denying leave to amend his complaint. For the following reasons, we vacate the order and judgment below and remand for further proceedings. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we reference here only as necessary to explain our decision.

* * *

We review *de novo* a district court's dismissal under Federal Rule of Civil Procedure 12(b)(6). *Cornelio v. Connecticut*, 32 F.4th 160, 168 (2d Cir. 2022). "We consider the legal sufficiency of the complaint, taking its factual allegations to be true and drawing all reasonable inferences in the plaintiff's favor." *Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009). "We review a district court's denial of leave to amend for abuse of discretion, unless the denial was based on

an interpretation of law, such as futility, in which case we review the legal conclusion *de novo*." *Empire Merchs., LLC v. Reliable Churchill LLLP*, 902 F.3d 132, 139 (2d Cir. 2018) (citation omitted).

The proceedings here arise from a dispute regarding a life insurance policy (the "Policy") issued on March 5, 2015, by AGLIC to Oberlander's mother, Pearl Oberlander, for $15,000,000 with a monthly premium of $87,346.45. The Policy was in effect until it lapsed for non-payment on August 8, 2016. On September 23, 2019, Oberlander filed suit in the Supreme Court of the State of New York asserting several causes of action including fraud, breach of contract, breach of fiduciary duty, and negligence, and alleging that the Frohlich Defendants, acting as AGLIC's agents, induced Oberlander to procure the Policy on behalf of his mother by fraudulently promising to obtain third-party financing that would cover all "out-of-pocket" costs associated with the monthly premium payments. After removing the case to federal court, the Frohlich Defendants and AGLIC each moved to dismiss the complaint pursuant to Rule 12(b)(6) on several independent grounds.

The district court granted the motions and dismissed the complaint in full. In its opinion, the court stated that, although the complaint "suffers from a host of defects," the court "need not delve into a detailed analysis of each claim because they all suffer from the same problem: [Oberlander and the Trust] have not alleged that they suffered any damages." App'x 316–17. The district court's explanation was brief. Noting that Oberlander and the Trust "had the choice to not accept the insurance policy" after "third-party financing was not arranged in March 2015," the court reasoned that:

> [Oberlander and the Trust] voluntarily continued to choose to pay the policy premiums. By doing so, they received a benefit in the form of insurance coverage. Much like a disgruntled diner who seeks a full refund after finishing his meal

> because the soup was cold, [Oberlander and the Trust] are seeking to recover after the fact the cost of the benefit they voluntarily chose to accept.

*Id.* at 317. Asserting that "the law does not recognize as damages the money a plaintiff voluntarily chooses to pay in exchange for a benefit that is received as promised," the district court concluded that the complaint failed to allege cognizable damages under New York law. *Id.*

But, as Oberlander argues on appeal, this conclusion rested on a mischaracterization of the complaint and the damages sought therein. Contrary to the district court's characterization, the complaint does not allege that Oberlander and the Trust received the "benefit . . . as promised" from the appellees. *Id.* Rather, the complaint alleges that the Frohlich Defendants breached their agreement to procure third-party funding that would have ensured that neither Oberlander nor the Trust would need to pay "out of their pocket" for the Policy's monthly premium. App'x 21. Because the Frohlich Defendants failed to deliver on the agreement to obtain such financing, Oberlander had to seek out other, less favorable—and ultimately non-viable—sources of premium funding, subjecting him to liability for those loans and other damages. As these liabilities were "caused by and are directly traceable to" the Frohlich Defendants' alleged breach, they constitute cognizable damages under New York law for those claims sounding in contract. *Bausch & Lomb, Inc. v. Bressler*, 977 F.2d 720, 731 (2d Cir. 1992) (internal quotation marks omitted).

Additionally, Oberlander alleges that neither he nor the Trust would have paid the monthly premiums but for the Frohlich Defendants' misrepresentation that the premium funding would be procured, implying that the benefit associated with the Policy was not sufficient to justify its cost absent the promised funding arrangement. This difference in value, if proved, represents recoverable "pecuniary loss" under New York law for the claims sounding in fraud. *Cont'l Cas.*

*Co. v. PricewaterhouseCoopers, LLP*, 15 N.Y.3d 264, 271 (2010).[1] The district court discounted these allegations by assuming that by the time Oberlander paid the monthly premiums it was already clear that the promised funding would not materialize. But the fact that the allegedly promised funding had not yet been arranged when Oberlander paid the premiums does not imply that he knew that no such funding was forthcoming; to the contrary, the complaint specifically alleges that Oberlander borrowed the funds in reliance on the Frohlich Defendant's representations, suggesting that the loans were obtained to cover the premium on a temporary basis before the promised premium funding was delivered. On a motion to dismiss we must "draw[] all reasonable inferences in the plaintiff's favor." *Harris*, 572 F.3d at 71. Accordingly, the district court's assumption that Oberlander did not act in reliance on the alleged misrepresentations in obtaining the alternative funding was erroneous.

Beyond the issue of damages, the Frohlich Defendants and AGLIC raise several alternative independent grounds for dismissing each of Oberlander's causes of action, noting in particular that the district court indicated its view that the complaint "suffers from a host of fatal defects," including "a failure to satisfy Fed. R. Civ. P. 9(b), a failure to allege reasonable reliance or any common law or fiduciary duty, and being barred by the statute of frauds and the statute of limitations." App'x 316 & n. 2. But the district court did not explain its conclusions with regard to any of these alternative grounds. And though we may affirm dismissal on any theory supported by the record, "it is our distinctly preferred practice to remand such issues for consideration by the district court in the first instance." *Schonfeld v. Hilliard*, 218 F.3d 164, 184 (2d Cir. 2000). "This is particularly appropriate when, as here, such theories have been briefed and argued only

[1] A separate issue is whether the measure of such damages is too speculative to support a cause of action. *See Diduck v. Kaszycki & Sons Contractors, Inc.*, 974 F.2d 270, 279 (2d Cir. 1992). But because neither the Frohlich Defendants nor AGLIC raised this issue below, we do not consider it here.

cursorily in this Court." *Id.* We therefore vacate and remand to allow the district court to address these and any other appropriate alternative grounds for dismissal in the first instance. Finally, because we vacate and remand the district court's judgment, we do not reach the issue of whether the court abused its discretion in denying Oberlander leave to amend the complaint.

* * *

Accordingly, the judgment of the district court is **VACATED**, and the case is **REMANDED** for further proceedings consistent with this order.

.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

